DOROTHY MAE HUDSON v. DRIVE IT YOURSELF, INC., AND J. B. FREEMAN,

AND

H. N. HUDSON v. DRIVE IT YOURSELF, INC., AND J. B. FREEMAN.

(Filed 19 November, 1952.)

**1. Automobiles § 27—**

It is the duty of a bailor for hire of an automobile to see that the automobile is in good condition, and while he is not an insurer, he is liable for injury to the bailee or to third persons proximately resulting from a defective condition of the car of which he had knowledge or which by reasonable care and inspection he could have discovered.

**2. Same—Evidence held insufficient to show that bailor knew or should have known of defective condition of automobile.**

Plaintiffs' evidence was to the effect that an employer of the bailor drove its car from its garage and stopped and delivered it to the bailee in the customary manner, with nothing to suggest in the manner of operation that the brakes were defective, and that the bailee drove the car a distance of five and one-half miles during a period of forty-five minutes without detecting anything wrong with the brakes until just before the collision with plaintiffs' car. *Held:* The evidence is insufficient to show that the bailor knew or should have known by reasonable inspection of the defective condition of the brakes, and therefore bailor's motion to nonsuit should have been allowed.

APPEAL by defendant Drive It Yourself, Inc., from *Clement, J.,* June Term, 1952, of CABARRUS. Reversed.

Separate suits were instituted by Dorothy Mae Hudson and H. N. Hudson against the defendants to recover damages to person and property resulting from the operation of an automobile by defendant Freeman, for which it was alleged his codefendant was also liable.

On the occasion alleged both plaintiffs were in an automobile stopped at a street intersection in Charlotte when their automobile was struck from the rear by an automobile belonging to Drive It Yourself, Inc., and driven by defendant Freeman as bailee. It was alleged that Freeman was negligent in the operation of the automobile, and that Drive It Yourself, Inc., was negligent in renting to Freeman for operation on the highway an automobile with defective brakes. It was alleged that as result of the collision plaintiff Dorothy Mae Hudson suffered injury which caused a miscarriage, and that plaintiff H. N. Hudson sustained injury to his automobile.

Before trial plaintiffs submitted to voluntary nonsuit as to defendant Freeman, and Freeman was offered as a witness against Drive It Yourself, Inc., hereinafter referred to as the defendant.

J. B. Freeman testified that he was an experienced truck driver; that 5 November, 1950, he hired a Chevrolet automobile from the defendant

to drive to Fort Mill, South Carolina; that when he had traveled some 5½ miles and was approaching a South Boulevard intersection he observed the automobile of plaintiffs in front of him stopped for a traffic light; that he applied his brakes, and, finding they would not hold, swerved to the left, but struck the bumper guard and dented the left rear fender of plaintiffs' automobile. The automobile Freeman was driving was equipped with hydraulic brake system. "The brakes wasn't right, did not have a full pedal. If you were driving at any speed at all, say 20 miles an hour, you had to pump them, say twice, to get them to hold. . . . In the condition the brakes were I will say that driving 20 or 25 miles an hour I could bring the car to a stop in 20 or 25 feet. I didn't test the hand brakes. . . . If the fluid is low you do not have a full pedal. You can pump them one time and hold the pedal up. The brakes were not good without pumping."

Freeman further testified, however, that before he hit the plaintiffs' car he drove through the streets of Charlotte at the rate of 20 or 25 miles per hour, stopping several times; that in making these stops he had not detected anything wrong with the brakes because he had not been driving fast enough to press hard on the pedal. He said: "I just detected something wrong when I got to the South Boulevard red light." After the collision he drove the automobile back to the defendant and paid the defendant for the damage caused to the automobile. He testified he had been renting cars from the defendant for five years; that on this occasion at his request the automobile was brought out from the storage lot, stopped in front of defendant's place and turned over to him. He did not ask anything about the brakes. This was about 2:30 to 3:00 p.m. The accident according to the policeman occurred at 3:47 p.m.

On issues submitted the jury rendered verdict in favor of plaintiffs, awarding damages in each case. From judgment on the verdict defendant appealed.

*C. M. Llewellyn and John Hugh Williams for plaintiffs, appellees.*
*Hartsell & Hartsell and Brock Barkley for defendant, appellant.*

DEVIN, C. J. The defendant Drive It Yourself, Inc., assigns error in the denial by the trial court of its motion for judgment of nonsuit. The plaintiffs' actions are based upon allegations of breach of duty on the part of the appealing defendant in that it let to hire for use on the highway an automobile with defective brakes when the defendant knew or in the exercise of due care should have known that the brakes were in an unsafe condition.

A bailor for hire, while not an insurer, may be liable for personal injuries to the bailee or third persons proximately resulting from the defective

condition of a rented automobile while being used by the bailee for the purpose known to be intended, if the bailor was aware of the defective condition or by reasonable care and inspection could have discovered it. 131 A.L.R. 845 (note); *Trusty v. Patterson,* 299 Pa. 469; *Ferraro v. Taylor,* 197 Minn. 5; *Milestone System, Inc., v. Gasior,* 160 Md. 131.

It is the duty of a bailor for hire of an automobile to use reasonable care to see that the automobile is in good condition when it is let out for use on the highway, and he is liable for injury to the bailee or a third person proximately resulting from a breach of this duty.

It is a breach of the bailor's duty to let out an automobile for hire for use on the highway with materially defective brakes when he is aware or by the exercise of due care by reasonable inspection should have known of such defective condition.

Here, according to the facts made to appear from plaintiffs' evidence, the duty devolved upon the defendant to exercise due care, by reasonable inspection of the rented automobile before delivery for use on the public highways, to avoid injury to the user or the public from defective brakes or appliances of which defendant was aware or by reasonable diligence could have discovered at the time of letting for hire. *Jones v. Chevrolet Co.,* 217 N.C. 693, 9 S.E. 2d 395; *Harward v. General Motors,* 235 N.C. 88, 68 S.E. 2d 855. However, he would not be responsible for a defect subsequently discovered which was not discernible by reasonable inspection at the time. 6 A.J. 413.

Defendant's motion for judgment of nonsuit presents the question whether plaintiffs' evidence is sufficient to make out a case of negligent breach of the duty imposed by the relationship in which the parties were placed at the time the automobile was delivered to Freeman for operation on the highway. Plaintiffs' witness, however, testified the automobile, a recent model, was driven out from its place of storage, stopped and delivered to him in the customary manner, with nothing to suggest in the manner of operation that the brakes were defective. The witness Freeman then drove the automobile 5½ miles through the streets and environs of Charlotte, and, according to his testimony, had not detected anything wrong with the brakes until just before the collision with plaintiffs' car. The witness' theory was that the fluid for the hydraulic braking system was "low" so that the driver had to "pump" to make the brake operate properly. But it is not perceived how the defendant should be charged with knowledge of this fact when the witness had driven the automobile 5½ miles, during a period of 45 minutes, before he detected the faulty functioning of the brakes.

We reach the conclusion that the evidence offered was insufficient to show a negligent breach of duty on the part of the defendant, and that the motion for judgment of nonsuit should have been allowed.

Reversed.