EARL G. WEBSTER v. CARL O. WEBSTER.

(Filed 10 January, 1958.)

Automobiles §§ 21, 41r—

Plaintiff was injured when the tongue of a trailer, upon which he was riding, broke. There was no evidence tending to show that the manner in which the defendant drove the car towing the trailer contributed to the injuries or that defendant had any knowledge that the tongue was cracked, except that sometime prior thereto both parties, while using the vehicle, heard a noise which might have been the cracking of the tongue, but made no inspection and did not discover any defect. Held: Nonsuit was proper.

APPEAL by plaintiff from Craven, Special Judge, April Civil Term 1957 of ALAMANCE.

This is a civil action instituted by the plaintiff to recover for personal injuries sustained as a result of the alleged negligence of the defendant.

On 14 June 1955 the plaintiff and the defendant were engaged in loading and hauling some rough lumber belonging to the plaintiff. They loaded the lumber on a two-wheel, flat-bed trailer of wooden construction with a wooden tongue. They hitched the trailer to an automobile belonging to the defendant. The trailer belonged to one Bruce Walker, from whom the defendant had borrowed it. Prior to 14 June 1955 the plaintiff and defendant had worked together for about six weeks, using this same trailer to haul stumps off of a lot owned by the defendant.

After loading the rough lumber, the plaintiff took a position on top of the load on the trailer, intending to ride it to the mill to help hold the load down. The defendant drove the automobile which towed the trailer. After going out on the highway, the trailer began to wobble, and when the defendant slowed down, the trailer tongue broke and plaintiff jumped to the side of the road and as a result of the impact when he hit the ground, he was seriously injured.

The only evidence tending to show that the tongue was cracked on or before 14 June 1955 is that the plaintiff and defendant were loading the trailer and the plaintiff testified, "I heard it crack. * * * It was not a very loud crack. * * * After that I forgot about the crack because I didn't even think it could be the tongue. * * * Carl said something to the effect, 'I believe that is the tongue cracked.' I never looked at it. I said it could have been a root or something, or spring, it sounded like it could have been any other noise." The parties continued to use the trailer after that on three or four occasions without mishap.

Plaintiff further testified that his brother, the defendant, visited him while he was in the hospital and in discussing the

occurrence on 14 June, said, "I am not surprised, I knowed the tongue was cracked. I think it was cracked that day we were loading the stumps."

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*Long, Ridge, Harris & Walker, for plaintiff.*
*Sanders & Holt, for defendant.*

PER CURIAM. There is no evidence tending to show that the manner in which the defendant towed the trailer contributed to the plaintiff's injuries, or that the defendant had any knowledge that the tongue was cracked, except when he heard something crack while they were loading stumps. There is no evidence to support the view that the defendant examined the tongue prior to the time it broke and found it to be in a defective condition. In our opinion, the plaintiff's evidence is insufficient to show actionable negligence on the part of the defendant.

The ruling of the court below is
Affirmed.