F. W. WATTS, ADMINISTRATOR OF THE ESTATE OF MALCOLM WATTS, DECEASED, v. FREDERICK A. WATTS.

(Filed 13 April, 1960.)

**1. Negligence § 21—**

Negligence is never presumed from the mere fact of an accident or injury, but plaintiff has the burden of proving negligence and proximate cause and also that his injuries resulted from the alleged negligence.

**2. Negligence § 14:  Automobiles § 19—**

A party is not entitled to the benefit of the doctrine of sudden emergency if he himself brings about the emergency or contributes to its creation.

**3. Automobiles § 9—**

The parking of a vehicle on a grade without properly setting the brake and turning the wheels toward the curb of the street, in violation of G.S. 20-163 and G.S. 20-124 (b), is negligence *per se*, and is actionable if the proximate cause of injury.

**4. Same—**

The fact that an automobile runs down the street for a considerable distance immediately after it was parked permits the inference that the driver did not turn its front wheels to the curb as required by statute.

**5. Automobiles § 41r— Evidence held insufficient to show that emergency brake was defective at the time owner permitted intestate to use the car.**

Evidence to the effect that the cable of the emergency brake of defendant's vehicle broke, that defendant thereafter repaired the brake by installing a new cable, but failed to test its operation after the re-

pair, and failed to advise plaintiff's intestate in regard to the brake or the installation of the new brake cable before permitting intestate to use the car, that intestate parked the car on a grade, setting the hand brake, and that shortly thereafter intestate saw the car rolling down the hill, and, in attempting to stop the car, was fatally injured when the car ran on a bank and turned over, striking intestate, with further evidence that when the car was removed from the scene after the wreck the operator of the wrecker had to let the emergency brake down and knock the car out of gear, but without evidence tending to show that intestate had properly set the hand brake or that it was defective and therefore ineffective when properly set, *is held* insufficient to be submitted to the jury on the issue of defendant's negligence.

APPEAL by plaintiff from *Johnston, J.,* 26 October Term, 1959, of FORSYTH.

This is a civil action to recover for the alleged wrongful death of plaintiff's intestate who died on 10 November 1958. Plaintiff F. W. Watts, administrator, is the father of the deceased Malcolm Watts and of the defendant Frederick A. Watts. F. W. Watts and his three sons, Malcolm, James, and Frederick A. Watts, lived at the F. W. Watts' home located at 941 Vargrave Street in Winston-Salem, North Carolina.

The defendant Frederick A. Watts owned a 1951 4-door Mercury. The Mercury car was used by both Malcolm and Frederick A. Watts. Each of them owned another car and when either one of their cars was not in good running condition the Mercury car was used.

About 2:30 p.m. on Sunday, 9 November 1958, the plaintiff's intestate parked the Mercury automobile headed downhill at 1111 Vargrave Street. Vargrave Street runs generally north and south and the car was headed north. The car was parked on "a fairly good hill." Vargrave Street is paved and there are raised curbstones on each side of the street made of granite which are perpendicular to the street; the raised curb is six inches above the surface of the street.

It is alleged in the complaint that, after Malcolm Watts parked the car on Vargrave Street the plaintiff is informed and believes and so alleges that the plaintiff's intestate pulled up the emergency brake, as required by law; that he got out of the car and went around back of the car to the residence at 1111 Vargrave Street; that he noticed the automobile "begin to roll downhill * * *." According to the evidence, when he saw the car rolling down the hill he started running and tried to re-enter the car. Being unable to re-enter the car, and after the car had traveled some distance, it ran up on a bank and turned over, striking the plaintiff's intestate.

When the car was removed from the scene of the wreck, in order

for the wrecker to pull the car back off the sidewalk, the operator of the wrecker, according to one of the witnesses, "had to get the car out of gear and do something to the emergency brake." Another witness testified that the driver of the wrecker "let the emergency brake down and knocked it (the car) out of gear."

It is further alleged in the complaint that the emergency brake on the Mercury automobile was not in a safe working and mechanical condition and that the defendant had purchased parts with which to repair such emergency brake but had failed to do so. The evidence tends to show otherwise.

The defendant was called as a witness for the plaintiff and testified that the week before the accident the hand brake cable on the Mercury broke; that he secured a hand brake cable and installed it but had not driven the car thereafter to test it. "As far as I knew, the hand brake on my car would hold the car perfectly all right. * * * I had not tested the car to see whether or not it would hold. * * * I installed the hand brake cable, and I installed it correctly to the best of my knowledge."

There is neither allegation nor proof tending to show that Malcolm Watts knew anything about the defective emergency brake on the Mercury or about the installation of the new brake cable.

The defendant pleaded contributory negligence based on the conduct of plaintiff's intestate after the automobile began to roll down Vargrave Street and also pleaded the failure of plaintiff's intestate to turn the front wheels of the Mercury automobile towards the curb when he parked the car, as required by G.S. 20-163 and G.S. 20-124 (b).

At the close of plaintiff's evidence, the defendant moved for judgment as of nonsuit. The motion was allowed, and the plaintiff appeals, assigning error.

*Harold R. Wilson for plaintiff appellant.*
*Smith, Moore, Smith, Schell & Hunter for defendant, appellee.*

DENNY, J. The plaintiff assigns as error the ruling of the court below in sustaining the defendant's motion for judgment as of nonsuit.

The plaintiff alleged in his complaint that prior to 9 November 1958 "the defendant had actual knowledge that the emergency brake on said Mercury automobile was not in a safe working and mechanical condition and that the said defendant had purchased parts with which to repair said emergency brake but had failed to do so." The evidence offered in this connection was to the effect that the week before the

accident the hand brake cable on the Mercury broke; that the defendant secured a hand brake cable and installed it but did not drive the car thereafter to test it and find out whether or not the emergency brake would hold. It is alleged that plaintiff's deceased pulled up the emergency brake, as required by law, when he parked the car. Even so, no evidence was offered tending to show that the hand brake was properly set, or that it was defective and, therefore, ineffective when so set. There is evidence that before the car could be pulled back off the sidewalk where it came to rest after the accident, it had to be taken out of gear and the emergency brake "pushed down." Unfortunately, the mechanic who repaired the car after the accident and could have testified, no doubt, as to the mechanical condition of the emergency brake immediately after the accident, died a short time before the case was tried. Consequently, the plaintiff was deprived of the benefit of evidence in this respect.

In the case of *Harward v. General Motors Corp.*, 235 N.C. 88, 68 S.E. 2d 855, this Court said: "Negligence is never presumed from the mere fact of an accident or injury. The plaintiff has the burden of establishing by appropriate proof not only negligence but that such negligence was the proximate cause of the injury complained of. The plaintiff must also establish by his evidence a causal relation between the alleged negligence and the injury upon which a recovery is sought. Evidence that merely takes the matter into the realm of conjecture is insufficient. *Rountree v. Fountain,* 203 N.C. 381, 166 S.E. 329; *Lynch v. Telephone Co.,* 204 N.C. 252, 167 S.E. 847. * * *" *Williamson v. Randall,* 248 N.C. 20, 102 S.E. 2d 381; *Parker v. Wilson,* 247 N.C. 47, 100 S.E. 2d 258.

The plaintiff contends that the defendant by not informing plaintiff's intestate of the defective condition of the hand brake on the Mercury car, created the emergency that was brought about when the car started to roll downhill and that the plaintiff's intestate under those circumstances was not required to pursue the wisest course of conduct in connection with his efforts to re-enter the car. *Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593; *Winfield v. Smith,* 230 N.C. 392, 53 S.E. 2d 251.

If, however, plaintiff's intestate brought about the emergency or contributed to its creation by failing to park the car in the manner required by law, the plaintiff may not avail himself of the benefits of the doctrine of sudden emergency. *Brunson v. Gainey,* 245 N.C. 152, 95 S.E. 2d 514; *Cockman v. Powers,* 248 N.C. 403, 103 S.E. 2d 710.

There is no allegation or proof to the effect that when plaintiff's intestate parked the car headed downhill on Vargrave Street that he

turned the front wheels of the Mercury automobile towards the curb of the street, as required by G.S. 20-163 and G.S. 20-124 (b). A violation of these statutes constitutes negligence *per se*, but such violation must be a proximate cause of the injury to be actionable. *Arnett v. Yeago*, 247 N.C. 356, 100 S.E. 2d 855; *Tysinger v. Dairy Products*, 225 N.C. 717, 36 S.E. 2d 246. In other words, the fact that the Mercury automobile ran down the street for a considerable distance immediately after it was parked, permits the inference that plaintiff's intestate did not turn its front wheels to the curb of Vargrave Street, as required by the above statutes. *Arnett v. Yeago, supra.*

However, in our opinion, we do not reach the question of contributory negligence. There is substantial variance between some of the essential allegations of the complaint with respect to negligence and the evidence offered in support of such allegations. Moreover, irrespective of any variance in the allegations and proof, we do not think the plaintiff's evidence is sufficient to carry the case to the jury and support a verdict based on actionable negligence. *Webster v. Webster*, 247 N.C. 588, 101 S.E. 2d 325; *Harward v. General Motors Corp., supra.*

The judgment as of nonsuit will be upheld.

Affirmed.