EVELYN H. KRIDER v. WILLIAM ARTHUR MARTELLO
AND CURRY W. KRIDER.

(Filed 4 May, 1960.)

1. **Automobiles § 25—**
   The operation of an automobile at a speed in excess of that lawfully prescribed is a negligent act.

2. **Automobiles § 41a—**
   Evidence that a driver entered an intersection controlled by traffic signals at a speed of 35 m.p.h. in a 20 m.p.h. speed zone, resulting in a collision with a car entering the intersection from his right, takes the issue of such driver's negligence to the jury notwithstanding that other allegations in respect to such driver's entering the intersection while facing the red light are not supported by evidence.

3. **Same: Negligence § 24a—**
   Nonsuit may not be allowed if plaintiff's evidence is sufficient to establish as a proximate cause of his injuries any one of the negligent acts enumerated in the complaint.

APPEAL by defendant Curry W. Krider from *Armstrong, J.*, October 1959 Term, of ROWAN.

Plaintiff seeks compensation for injuries sustained in a collision of automobiles at the intersection of West Fifth Street and North Broad Streets in Winston-Salem.

Curry W. Krider, hereafter called appellant, was operating his vehicle in a westwardly direction on Fifth Street. Plaintiff, his guest, occupied the right front seat. Defendant Martello was operating his vehicle northwardly on Broad Street.

Movement of traffic across the intersection was regulated by a traffic light exhibiting in sequence green, yellow, red, and green. Obedience to the color signals given by the traffic light is required by city ordinance.

The complaint alleges joint and concurrent negligence by defendants. The allegations are that each defendant operated his motor vehicle (a) in a reckless manner, (b) without keeping a proper lookout, and (c) at a speed which was greater than was reasonable and prudent under the existing conditions. In addition to these allegations of negligence specifically charged against each defendant, the complaint contains an additional specification of negligence directed against appellant, charging him with entering the intersection in violation of the city ordinance because of a red traffic light confronting him.

Appellant offered no evidence. At the conclusion of plaintiff's evidence he moved for nonsuit. This motion was overruled. The jury,

on appropriate issues, found plaintiff sustained injuries resulting from appellant's negligence and assessed damages. Judgment was entered on the verdict and appellant appealed.

*Thomas W. Seay, Jr. and John C. Kesler for plaintiff, appellee.*
*Linn & Linn for defendant, appellant.*

RODMAN, J.   The record and brief present only this question: Did the court err in refusing to allow the motion to nonsuit?

Appellant contends that the motion should have been allowed because plaintiff failed to establish her allegation that defendant entered the intersection when forbidden to do so by a red light.

Each defendant made statements to traffic officers investigating the collision. Each told the officer the light was green on his side. Plaintiff testified that the light was green as appellant approached the intersection but that she last saw it when two or three car lengths away.

There is merit in the contention that plaintiff failed to establish her allegation that defendant violated the ordinance relating to the traffic light, but that was not the only charge of negligence leveled at appellant. He was charged with a violation of G.S. 20-141, which requires operation at a reasonable speed. This statute fixes maximum reasonable speeds under varying conditions.

Plaintiff's evidence places this intersection in a 20 m.p.h. speed zone. Appellant informed the investigating officer he was traveling about 35 m.p.h. in the 20 m.p.h. zone. In addition to the statement made by appellant with respect to his speed, plaintiff testified that he was traveling 30-35 m.p.h.

Operation at a speed in excess of that lawfully prescribed was a negligent act. *Arnett v. Yeago,* 247 N.C. 356, 100 S.E. 2d 855 *Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115. The admissions made by appellant as related by the investigating officer, supported by plaintiff's testimony with respect to speed, were sufficient to require a jury determination of the charge of unreasonable speed and such speed as the proximate cause of the injury.

It is true, as appellant contends, that there must be *allegata* and *probata* to support a verdict and judgment, but this does not mean that a plaintiff cannot recover unless there is proof of each alleged negligent act. It is sufficient to impose liability to establish any one of the negligent acts enumerated in the complaint which proximately results in the damage claimed. *Andrews v. Sprott,* 249 N.C. 729, 107 S.E. 2d 560; *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688.

Affirmed.