LOIS BROWN STEPHENS v. SOUTHERN OIL COMPANY OF NORTH CAROLINA, INC., AND ADRIAN R. BUSTLE.

(Filed 22 May 1963.)

1. **Automobiles §§ 15, 21, 25, 41b, 41c, 41r—**

   Evidence that defendant driver was traveling north 60 miles per hour in a 45 mile per hour zone, that upon approaching a wreck in his lane of travel he depressed his brake pedal and discovered that his brakes were not working, and that he then pulled to the left and collided with the left rear fender of plaintiff's vehicle, which was traveling south, *held* sufficient to take the issue of negligence to the jury. G.S. 20-141, G.S. 20-146, G.S. 20-124.

2. **Automobiles § 6—**

   The violation of a statute enacted to promote the safe operation of motor vehicles on the public highways is negligence, and is actionable if such negligence proximately causes injury, and the question of proximate cause is ordinarily for the jury.

3. **Automobiles § 21—**

   G.S. 20-124 must be given a reasonable interpretation and will not be construed to constitute the operator of a motor vehicle an insurer of the adequacy of the brakes of the vehicle, but the statute requires that the operator act with care and diligence to see that his brakes meet the standards prescribed by statute, without making him liable for a latent defect of which he has no knowledge and which is not discoverable by reasonable inspection.

#### 4. Same;   Automobiles § 46—

Defendants' evidence to the effect that brakes on the corporate defendant's vehicle had been overhauled and relined and had worked perfectly until some two days thereafter when the brakes suddenly failed, causing the accident in suit, and that after the collision it was ascertained that the flange on one of the wheels was broken, permitting the brake fluid to escape, *is held* to require the court to instruct the jury as to what facts, presented by the evidence, would excuse defendants' operation of the vehicle with defective brakes.

Appeal by defendants from *Martin, S.J.,* November 12, 1962 Schedule B Regular Term of Mecklenburg.

Plaintiff instituted this action to recover compensation for personal injuries and property damage claimed to have resulted from a collision between a Buick automobile owned and operated by her and an oil tanker owned by corporate defendant, operated by its agent, defendant Bustle. Plaintiff alleged the collision was caused by the negligence of defendants. The asserted negligence consisted of (a) operating the oil tanker without adequate brakes as required by G.S. 20-124, (b) failure of the driver to keep a proper lookout, (c) excessive speed in violation of G.S. 20-141, (d) driving on the wrong side of the road in violation of G.S. 20-148.

Defendants denied each alleged negligent act and as a further defense pleaded the collision was caused by "an unusual, unexpected failure of a brake drum on the truck of the defendant Southern Oil Company. . . "

Issues of negligence and damage submitted to the jury were answered in conformity with plaintiff's contention. Judgment was entered for plaintiff for the damages assessed. Defendants excepted and appealed.

*Leon Olive for plaintiff appellee.*

*Carpenter, Webb & Golding by William B. Webb for defendant appellants.*

Rodman, J.   The first question to be answered is: Did the court err in refusing to allow defendants' motion to nonsuit?

The evidence viewed in the light most favorable to plaintiff is sufficient to establish these facts: The collision occurred in the forenoon of 3 September 1960 at or near a bridge on Eastway Drive in Charlotte. The weather was clear and the road dry. Eastway Drive runs north and south. The maximum permissible speed is 45 m.p.h. Plaintiff was going south. Just before she reached the bridge she saw two cars which had collided in the eastern lane. This collision had stopped

several cars traveling north. The bridge and road north of the bridge were twenty-four feet wide but widened in the western lane south of the bridge to a total width of forty feet. Plaintiff reduced her speed to 15 m.p.h. Just as she reached the south edge of the bridge she saw the oil tanker coming from the south. Eastway Drive is straight and up a slight grade for 1400 feet going south from the bridge. When the tanker was 150 or 200 feet south of the bridge, it pulled from the northbound lane to the south bound lane. Its speed was 60 m.p.h. Plaintiff sought to avoid the impending collision by jerking her car to the right, but was struck on her left side. She was in her proper lane of traffic. Immediately following the accident the officer investigating the collision found the tanker's brakes would not work. The brake pedal was on the floor. Defendant Bustle said "he applied brakes and didn't have any."

Plaintiff's evidence is sufficient to permit a jury to find defendants violated three statutes, G.S. 20-141, G.S. 20-146, and G.S. 20-124, each enacted to promote safe operation of motor vehicles on the highways. One who fails to comply with the provisions of these statutes is negligent. *Rudd v. Stewart*, 255 N.C. 90, 120 S.E. 2d 601; *Krider v. Martello*, 252 N.C. 474, 113 S.E. 2d 924; *Boyd v. Harper*, 250 N.C. 334, 108 S.E. 2d 598; *Hoke v. Greyhound Corp.*, 226 N.C. 692, 40 S.E. 2d 345; *Arnett v. Yeago*, 247 N.C. 356, 100 S.E. 2d 855; *Tysinger v. Dairy Products*, 225 N.C. 717, 36 S.E. 2d 246. If the negligence resulting from the failure to comply with any of those statutes proximately causes injury, liability results. The question of proximate cause here and generally is for the jury. *Boyd v. Harper, supra.* The court properly overruled the motion to nonsuit.

That the collision occurred in the western lane of travel is not controverted by defendants. Their evidence in that respect corroborates the evidence of plaintiff. The defense and evidence in support thereof is that Bustle, traveing at a lawful rate of speed, 30 to 40 m.p.h., applied his brakes at a proper place and time to prevent a collision with the vehicles which had stopped in the eastern lane of travel. The collision occurred on Saturday. Defendants' vehicle had been inspected and the brakes overhauled and relined on the preceding Thursday. No difficulty had been experienced with the brakes since they were inspected and relined. They had worked properly early Saturday morning; but when Bustle, to avoid colliding with the cars ahead of him, pushed the brake pedal, it went completely to the floor. He was traveling downhill. The declivity tended to accelerate his speed. He was impelled to act promptly. A collision with the vehicles ahead of him was inevitable if he remained in his lane of travel. He thought because of

the extra width of the highway in the western lane he could avoid the cars in each of the lanes by pulling to his left. He sought as a means of checking his speed to throw the transmission in low gear, but was unable to do so. He actually collided with the back fender of plaintiff's car, doing negligible injury to it. Immediately following the collision it was discovered that a segment had been broken from the flange of one of the wheels. This permitted the brake fluid to escape without activating the brakes when the pedal was pushed down and rendered the hydraulic brakes totally ineffective.

Defendants except and assign as error portions of the charge relating to the violation of the safety statutes and to the failure of the court to properly instruct the jury with respect to their defense, to wit, an unavoidable accident. Their position is that the failure of the brakes was due to a latent defect unknown and not discoverable by them; and for that reason the failure to equip defendants' vehicle with adequate brakes was not negligence on which liability for injury could be based.

Plaintiff has shown the violation of a statute, G.S. 20-124, mandatory in its language. Notwithstanding this mandatory language, the statute must be given a reasonable interpretation to promote its intended purpose. The Legislature did not intend to make operators of motor vehicles insurers of the adequacy of their brakes. The operator must act with care and diligence to see that his brakes meet the standard prescribed by statute; but if because of some latent defect, unknown to the operator and not reasonably discoverable upon proper inspection, he is not able to control the movement of his car, he is not negligent, and for that reason not liable for injuries directly resulting from such loss of control. The injuries result from an unavoidable accident. *Smith v. Pate,* 246 N.C. 63, 97 S.E. 2d 457; *Pike v. Seymour,* 222 N.C. 42, 21 S.E. 2d 884.

The true rule is, we think, clearly and accurately stated in *Wilson v. Shumate,* 296 S.W. 2d 72. There plaintiff was driving defendant's automobile at his request. She was injuried because of the failure of the brakes on the car. The Court said: "Plaintiff's testimony, heretofore noted, that the brake pedal went clear to the floor as she 'again and again' used it in an attempt to stop the automobile, that it had failed to slow or stop but ran into the embankment, was sufficient evidence from which a jury reasonably could find that defendant's automobile was not equipped with two sets of brakes in good working order during the time plaintiff was driving and that the defective foot brake contributed to cause the collision. Defendant's failure to observe the duty or standard of care prescribed by the statute constituted negli-

gence. In recognition, however, of the principle that the statutes must be reasonably construed and applied, defendant could offer proof of legal excuse or avoidance of his failure to have observed the duty created by the statute, i.e., proof that an occurrence wholly without his fault made compliance with the statute impossible at the moment complained of and which proper care on his part would not have avoided. Upon adducing the substantial evidence tending to so prove, it was then a jury question as to whether the defendant was negligent for failure to have provided a foot brake in good working order." *Lochmoeller v. Kiel,* 137 S.W. 2d 625; *Merry v. Knudsen Creamery Co.,* 211 P. 2d 905; *Purser v. Thompson,* 219 S.W. 2d 211; *Eddy v. McAninch,* 347 P 2d 499. Similar conclusions have been announced by the courts with respect to other safety statutes. *Leek v. Dillard,* 304 S.W. 2d 60; *Scott v. Mackey,* 324 P. 2d 703; *Clark v. Hawkins,* 321 P 2d 648; *Bedget v. Lewin,* 118 S.E. 2d 650; *Frager v. Tomlinson,* 57 N.W. 2d 618.

Defendants' evidence, if accepted by the jury, was sufficient to negative the allegation of operating the tanker without adequate brakes. Nowhere in the charge did the court so inform the jury. It charged operation without adequate brakes was negligence *per se* and concluded its charge on the first issue by instructing the jury that plaintiff was entitled to recover if she had established by the greater weight of the evidence that defendants were guilty of negligence in the operation of the truck *"in that they operated same upon the public highways with insufficient brakes* (italicized part assigned as error) or operated same without maintaining a proper lookout or operated the same at a high and dangerous and unreasonable speed under the circumstances then existing, or operated the same without yielding one-half of the highway to the plaintiff, or operated the same on the wrong side of the highway, or operated the same in a dangerous and reckless manner, or in operating the same failed to use the emergency brake. . ." and that such negligence was the proximate cause of plaintiff's injuries.

Defendants contended the failure of the brakes created a sudden emergency excusing their turning from the northbound to the southbound lane of travel. The court properly charged that defendants were not entitled to the benefit of the sudden emergency doctrine if the situation was occasioned by excessive speed or a failure to keep a proper lookout or by failure to ascertain the defective condition of the brakes by applying them sooner than Bustle did, if a prudent man would have so applied them and would then have been able to take other steps to avoid injury to others.

Defendants were, we think, entitled to have the court address itself particularly to the question of the alleged negligence of defendants in operating the vehicle in violation of G.S. 20-124. An unexplained failure of the brakes warranted a finding of negligence, but defendants' evidence was sufficient to negative the charge of negligence with respect to the brakes. Whether defendants' evidence was sufficient to overcome the showing made by plaintiff was a question for the jury. Defendants were entitled to have the court instruct the jury what would excuse the operation of a motor vehicle with defective brakes. Defendants' assignment of error that the court failed to so charge is well taken, and because of such failure there must be a

New trial.