ERLINE NIPPER, PLAINTIFF, v. GEORGE W. BRANCH AND S. & D. COFFEE, INC., ORIGINAL DEFENDANTS AND JAMES LARRY HACK, CAPITAL CAR DISTRIBUTING COMPANY, INC., AND CONCORD MOTORS, INC., ADDITIONAL DEFENDANTS.

(Filed 1 November, 1967.)

**Automobiles § 23;   Pleadings § 8—**

In an accident caused by brake failure of original defendants' three year old truck, the defendants allege that a garage had repaired the brakes approximately a year before the accident, and that two or three times subsequent thereto (without specifying the dates) the garage had serviced the vehicle and adjusted the brakes, and filed a cross-action against the garage upon the assertion of primary and secondary liability. *Held:* Demurrer to the cross-action was properly sustained, since the facts alleged negate any legitimate inference that defective parts or faulty workmanship on the part of the garage at such remote times was a cause of the brake failure causing the accident in suit.

APPEAL by original defendants from *Jackson, J.,* February 20, 1967 Non-Jury Civil Session, GASTON Superior Court.

The plaintiff, Erline Nipper, instituted this civil action against S. & D. Coffee, Inc., owner, and George W. Branch, operator, of a 1961 Chevrolet truck which the plaintiff alleged negligently ran a stop sign on a servient road and entered its intersection with U. S. Highway 29 and collided with the Falcon stationwagon which the plaintiff was lawfully operating through the intersection on the through highway. She alleged defendants' actionable negligence caused the collision and her serious personal injuries.

The original defendants, by answer filed September 29, 1965, admitted the movement of the truck into the intersection without observing the stop sign. They alleged, however, that a sudden, total, and unexpected brake failure was the cause of Branch's inability to stop the truck and that, insofar as the defendants were concerned, the accident was unavoidable.

As a further defense and plea in bar, the defendants alleged the plaintiff was contributorily negligent in that she saw, or should have seen, the defendants' vehicle was out of control and could not be stopped and that this condition was, or should have been, obvious to the plaintiff in time for her to have stopped and avoided the accident.

As a second further defense, the defendants alleged that immediately after the plaintiff's stationwagon and the defendants' truck collided, that James Larry Hack negligently drove a Volkswagen owned by Capital Car Distributing Company, Inc. of Maryland into the rear of the stationwagon, thereby contributing to the plaintiff's injuries. On the original defendants' motion, Hack and Capital were made additional parties defendant.

On August 23, 1966, 8 months after the answer was filed, the original defendants filed a cross-action against Concord Motors, Inc., alleging that Concord Motors had repaired the Chevrolet truck and "worked on various portions of the brakes and subsequently returned it to S. & D. Coffee representing, expressly and impliedly, that it had done whatever was necessary or desirable to put the brakes in proper and safe operating condition . . ." and on at least 2 or 3 subsequent occasions had checked and serviced the vehicle and had adjusted the brakes; that the failure of the brakes to operate on March 2, 1965 was due to the failure of Concord Motors to make proper repairs and adjustments. The original defendants had Concord Motors, Inc. made an additional defendant on the alleged ground that if the original defendants should be held liable to the plaintiff, then and in that event, the original defendants' liability for the accident was secondary, and Concord Motors should be held primarily liable.

Concord Motors first moved to strike certain designated parts of the original defendants' cross-action. However, before the Court ruled on the motion, Concord Motors entered a demurrer *ore tenus* to the cross-action upon the ground the cross-complaint failed to state a cause of action against Concord Motors and the addition of Concord Motors as a party defendant constituted a misjoinder of parties and causes. The Court sustained the demurrer and dismissed the cross-action. The original defendants excepted and appealed.

*Craighill, Rendleman & Clarkson by James B. Craighill for original defendants appellants.*
*Carpenter, Webb & Golding by William B. Webb for additional defendant Concord Motors, Inc.*

HIGGINS, J. The appeal brings the case here for limited review while it is still in the pleading stage. The plaintiff alleged that Branch, as agent of S. & D. Coffee, Inc., negligently drove the corporation's Chevrolet truck through a stop sign, and collided with the stationwagon, which she was operating through the intersection in her proper lane of traffic. In the collision, she suffered serious personal injuries.

By answer, the original defendants admitted Branch failed to stop the truck at the intersection. They allege, however, that Concord Motors, Inc., in overhauling the truck, had used improper parts and performed faulty workmanship in the repair procedure. These, they say, caused the brake failure. The original defendants interpleaded Concord Motors as an additional defendant, specifically stating that on March 12, 1964 they delivered their 1961 Chevrolet

truck to Concord Motors to be "overhauled and serviced" and that on two or three occasions thereafter Concord Motors made some additional adjustments — once to the brake system. They allege that in overhauling the truck, Concord Motors used improper parts and carelessly installed them; that on two or three subsequent occasions they had opportunity to discover the defects in the brakes, but failed to make the discovery; that these negligent acts on the part of Concord Motors and their failure to observe the express and implied warranty to make proper repairs, triggered the brake failure on March 2, 1965. The sufficiency of these allegations to fix liability on Concord Motors is challenged by the demurrer.

To begin with, a truck at least 3 years old was overhauled on March 12, 1964. Two or three times after that date (nothing more definite as to time is given) the truck was back in Concord Motors' shop for service and adjustment. On March 2, 1965, while in use on the highway, the brakes failed. Almost a year intervened between the time the truck was overhauled and the accident in which the plaintiff sustained her injuries. Time and the normal business use of the truck, which we have the right to assume in the absence of allegation to the contrary, combine to negate any legitimate inference that defective parts or faulty workmanship on the part of Concord Motors caused the brake failure. We conclude the cross-complaint on the facts alleged fails to state a cause of action against Concord Motors.

When a cross-complaint fails to allege facts sufficient to constitute a cause of action, demurrer thereto should be sustained. *Edwards v. Hamill*, 262 N.C. 528, 138 S.E. 2d 151; *Stephens v. Southern Oil Co. of North Carolina, Inc.*, 259 N.C. 456, 131 S.E. 2d 39; *Webster v. Webster*, 247 N.C. 588, 101 S.E. 2d 325. Other questions need not be discussed. The judgment sustaining the demurrer and dismissing the action as to Concord Motors, Inc. is

Affirmed.