WILLIAM HARRY TATE v. HELEN DAVENPORT BRYANT

No. 7217DC677

(Filed 20 September 1972)

1. Automobiles § 23— defective brakes — negligence per se — sudden failure

Violation of the statute requiring motorists to maintain automobile brakes in good working order and requiring that all automobiles have two systems of brakes is negligence *per se;* a motorist may excuse a violation of the statute by showing a sudden and unexpected brake failure not the result of his failure reasonably to inspect the vehicle. G.S. 20-124.

2. Automobiles § 68— defective brakes — sufficiency of evidence of negligence

Plaintiff's evidence was sufficient to be submitted to the jury on the issue of defendant's negligence where it tended to show that defendant backed her car out of a driveway into the path of plaintiff's car, that defendant had had repair work performed on the brakes two days before the accident, that subsequent to the repair work defendant noticed that more pedal pressure was required to activate the brakes than before, that after the accident the brake pedal descended all the way to the floor and there was an odor of brake fluid in the car, that defendant did not test the brake pedal

Tate v. Bryant

prior to backing the car, and that defendant made no attempt to stop the vehicle by use of the emergency brake.

APPEAL by defendant from *van Noppen, Judge,* 18 May 1972 Session of SURRY County District Court.

This is a civil action for property damage. Plaintiff asserts his automobile was damaged by the negligence of the defendant when she backed from her driveway onto a rural highway without yielding the right of way. Defendant denies negligence and claims unavoidable accident due to brake failure on defendant's automobile.

Plaintiff's evidence showed that the driveway was about 100 feet long, and that he first saw defendant's brake lights flash on two times immediately before the collision, and that the car's back glass was foggy, it being a rainy day.

Inspection of the automobile after the accident showed that the pedal brake did not work and that there was an odor of brake fluid inside the car. Prior to backing, the car was held stationary in the driveway by use of the mechanical emergency brake which operated independently of the hydraulic brake system. Defendant did not test her brake pedal prior to moving the automobile, and did not attempt to use the emergency brake or give warning when she discovered that the pedal brake was inoperative. Defendant, however, did attempt to turn the car to the left.

The defendant testified that just two days before the accident, she had noticed a noise in the wheels when the brakes were applied, and that she had had the brakes repaired by a garage. She also testified that after the repair and before the accident she had not had difficulty with the brakes. She had noticed that more pedal pressure was required to activate the brakes than before.

Testimony by an insurance appraiser, who was tendered and accepted by the court as an expert in the operation of hydraulic brake systems, was to the effect that the right rear wheel cylinder was defective, causing the brake fluid to leak out of the brake system.

*Gardner and Gardner by Carl E. Bell for plaintiff appellee.*

*Hudson, Petree, Stockton, Stockton & Robinson by James H. Kelly, Jr., for defendant appellant.*

Tate v. Bryant

CAMPBELL, Judge.

Defendant assigned as error the failure of the trial court to grant its motion for directed verdict and judgment N.O.V.

Upon motion for directed verdict or judgment N.O.V., in determining the sufficiency of the evidence, the court is guided by the same principles that prevailed under former procedure with respect to the sufficiency of the evidence to withstand a motion for nonsuit. *Musgrave v. Savings & Loan Assoc.*, 8 N.C. App. 385, 174 S.E. 2d 820 (1970). All the evidence which supports plaintiff's claim must be taken as true and considered in the light most favorable to the plaintiff, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in the plaintiff's favor. *Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47 (1969). Defendant's evidence may not be considered unless it is favorable to the plaintiff or unless it is not in conflict with the plaintiff's evidence and explains or makes clear that which has been offered by the plaintiff. *Godwin v. Cotton Co.*, 238 N.C. 627, 78 S.E. 2d 772 (1953); *Gregory v. Insurance Co.*, 223 N.C. 124, 25 S.E. 2d 398 (1943).

[1] Violation of G.S. 20-124, a safety statute requiring all motorists to maintain automobile brakes in a safe working order, and requiring that all automobiles have two systems of brakes, each working independently of the other, is negligence *per se*, and is actionable negligence if such violation is the proximate cause of injury. *Tysinger v. Dairy Products*, 225 N.C. 717, 36 S.E. 2d 246 (1945). The defendant, however, may excuse violation of the statute by showing a sudden and unexpected brake failure not the result of his failure to reasonably inspect the vehicle. *Stephens v. Oil Co.*, 259 N.C. 456, 131 S.E. 2d 39 (1963).

[2] We are of the opinion that all the evidence, viewed in the light most favorable to the plaintiff, creates a case which was properly submitted to the jury. The evidence shows that defendant backed her car out of a driveway into the path of an automobile traveling on a dominant highway; that two days prior thereto defendant had noticed a noise when braking and had had the brakes repaired; that, between the time of repair and the time of the accident, defendant had noticed that more pedal pressure was required to activate the brakes than before;

that upon inspection of the automobile after the accident by a police officer it was found that the brake pedal descended all the way to the floor and that there was an odor of brake fluid in the car; that defendant did not test the pedal brake prior to backing the car; and that defendant made no attempt to stop the vehicle by use of the mechanical emergency brake or to warn the plaintiff of her inability to stop, although she did attempt to turn her car to avoid the collision. Defendant's claim of sudden brake failure, creating an emergency situation, does not explain the plaintiff's evidence, but raises a defense of due care under the circumstances of the emergency. This presents a jury question.

Defendant cites in support of motion for directed verdict *Hudson v. Drive It Yourself,* 236 N.C. 503, 73 S.E. 2d 4 (1952), which case is distinguishable on its facts. In *Hudson* the driver of the automobile which caused the injury was the bailee of the defendant; he had driven the car several miles prior to the accident without any notice of defective brakes; and there was no evidence that the defendant bailor had notice of the defective brakes. In the case at bar defendant's brakes failed on the very first attempt at applying them and defendant did not test the brake pedal before putting the car in motion. "[H]e would not be responsible for a defect subsequently discovered which was not discernible by reasonable inspection at the time." *Hudson v. Drive It Yourself, supra.* Whether defendant Bryant had sufficient prior notice of the defect and whether a reasonable inspection at the time would have revealed the defect were questions for the jury to answer.

In *Stone v. Mitchell,* 5 N.C. App. 373, 168 S.E. 2d 668 (1969), the court held where there was failure of defendant's brakes and an injury occurred to the plaintiff, the evidence was sufficient for a jury to find that defendant's automobile was not equipped with two sets of brakes in good working order as required by statute; that the defective brake contributed to cause the collision; and that defendant's failure to observe the duty of care prescribed by statute constituted negligence. The defendant, however, could offer proof of legal excuse or avoidance of her failure to have observed the statutory duty and thus a jury question as to whether defendant was negligent for failure to have provided a footbrake in good working order.

Defendant assigns as error several portions of the trial court's instruction to the jury. When considered contextually, we think the trial judge applied proper rules for the guidance of the jury and no prejudicial error has been shown.

Affirmed.

Chief Judge MALLARD and Judge BRITT concur.