SYLVIA MANN v. LARRY E. KNIGHT AND FARRIS MOTORS, INC., A NORTH CAROLINA CORPORATION

No. 867SC548

(Filed 18 November 1986)

Automobiles § 68.1— brake failure—no negligence—no recovery by plaintiff

In an action to recover for personal injuries sustained in an automobile accident, the trial court properly directed verdict for defendant where plaintiff's own evidence tended to show that the collision between the two cars was caused by the sudden unexpected failure of the brakes on defendant's car, a failure which could not have been foreseen by defendants, and where plaintiff

failed to show that defendants were negligent in failing to discover a defect in the brakes.

APPEAL by plaintiff from *Llewellyn, Judge.* Judgment entered 6 August 1985 in NASH County Superior Court. Heard in the Court of Appeals on 22 October 1986.

Plaintiff filed this action alleging negligence on the part of defendant Knight and defendant Farris Motors, Inc. and seeking personal injury and property damages. Defendants denied the allegations, and the case went to trial. At the close of the plaintiff's evidence, defendants moved for a directed verdict.

Plaintiff's evidence tended to show the following events and circumstances. Plaintiff was stopped at a traffic light at the corner of Grace Street and Sunset Avenue in Rocky Mount when her car was struck from the rear by a car owned by defendant Farris Motors and being driven by defendant Knight. Defendant Knight was employed in the maintenance department of Farris Motors. On 28 January 1982 at approximately 9:00 a.m., Knight drove a 1982 AMC Eagle demonstrator car to pick up some biscuits for himself and other employees of Farris Motors. First, however, he stopped at a service station to get some gas. At that time there were no difficulties with the brakes. He then proceeded to the Country Kitchen Restaurant to get the biscuits. Still experiencing no problems with the brakes, he parked the car in front of the restaurant and went inside. Approximately fifteen minutes later he got back in the car and drove across the parking lot. When Knight slowed to pull onto Grace Street, the brakes still operated well. He proceeded down Grace Street at a speed of between 25 and 30 miles per hour. Nearing the intersection, he tried to slow down; he was between 65 and 75 feet away when he realized he had no braking power at all. Plaintiff's car was stopped at the stop light in Knight's lane of travel, and he hit her car from the rear. Knight testified that there was no time to pull his emergency brake and that the other lane was also blocked.

Rocky Mount Police Officer Donald B. Winstead investigated the accident. He found a puddle of brake fluid beneath the left tire. He also conducted the examination of the car and found that it "did not have any brakes." The trial court granted defendants' motion for a directed verdict, and plaintiff appealed.

*Hopkins and Allen, by Jesse Matthewson Baker, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Robert W. Sumner, for defendant-appellees.*

WELLS, Judge.

Plaintiff contends that the trial court erred in granting a directed verdict for the defendants. We disagree.

A directed verdict for the defendant will not be allowed unless "it appears as a matter of law that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish." *Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982). In reaching its decision, the trial court must consider the plaintiff's evidence in the light most favorable to the plaintiff and give the plaintiff the benefit of every reasonable inference to be drawn therefrom. *Id.*

In her complaint, plaintiff alleged that defendant Knight failed to keep his vehicle under proper control and that defendant Farris Motors failed to maintain the brakes on its car in good working order in violation of N.C. Gen. Stat. § 20-124 (1983). While G.S. § 20-124 requires motorists to maintain brakes in good working order, and failure to do so is negligence *per se*, the mere fact that one's brakes failed is not enough to establish a breach of the duty of due care. Where a brake failure is sudden and unexpected and could not have been discovered even with reasonable inspection, the motorist will not be held liable. *Stephen v. Oil Co.*, 259 N.C. 456, 131 S.E. 2d 39 (1963); *Indiana Lumbermen's Mutual Ins. Co. v. Champion*, 80 N.C. App. 370, 343 S.E. 2d 15 (1986); *see also Wilcox v. Motors Co.*, 269 N.C. 473, 153 S.E. 2d 76 (1967). The burden was on the plaintiff to show that the defendants knew or in the exercise of reasonable care should have known that the brakes were defective. *Id.* She failed to carry this burden.

In the case at bar, plaintiff's evidence showed that the defendants were unaware that the brakes were defective. The defendant driver testified that he drove from Farris Motors to the gas station and from there to the restaurant without experiencing any problems; when he slowed to turn from the restaurant's parking lot onto the road just seconds before the accident, the brakes

still "worked fine." In addition, the investigating officer found that there was a puddle of brake fluid underneath the car and that the vehicle had no brakes at all. Even taken in the light most favorable to her, plaintiff's own evidence showed that the collision between the two cars was caused by the sudden, unexpected failure of the brakes on defendants' car, a failure which could not have been foreseen by defendants.

The next question is whether the defendants were negligent in failing to discover a defect in the brakes. In *Hudson v. Drive-It-Yourself, Inc.*, 236 N.C. 503, 73 S.E. 2d 4 (1952), our Supreme Court decided a similar case. R. B. Freeman, a defendant himself until the case against him was voluntarily nonsuited, leased a car from defendant car rental company. Plaintiffs alleged that Drive-It-Yourself, Inc. had been negligent in delivering the car to Mr. Freeman in a defective condition, with the result that his brakes failed and he collided with the plaintiffs' car. The jury reached a verdict for the plaintiffs. Defendant appealed, assigning error to the trial court's denial of its motion for judgment of nonsuit. Chief Justice Devin wrote for a unanimous Court:

> Plaintiffs' witness . . . testified the automobile, a recent model, was driven out from its place of storage, stopped and delivered to him in the customary manner, with nothing to suggest in the manner of operation that the brakes were defective. The witness Freeman then drove the automobile 5½ miles through the streets and environs of Charlotte, and, according to his testimony, had not detected anything wrong with the brakes until just before the collision with plaintiffs' car. The witness' theory was that the fluid for the hydraulic braking system was "low" so that the driver had to "pump" to make the brakes operate properly. But it is not perceived how the defendant should be charged with knowledge of this fact when the witness had driven the automobile 5½ miles, during a period of 45 minutes, before he detected the faulty functioning of the brakes.

> We reach the conclusion that the evidence offered was insufficient to show a negligent breach of duty on the part of the defendant, and that the motion for judgment of nonsuit should have been allowed.

*Id.* In the case *sub judice*, the defendant Knight also drove the car for a number of miles with several successfully-completed

stops before the brakes failed unexpectedly. Plaintiff, however, cites as evidence of negligence the fact that the brakes were not inspected on the morning of the accident despite what she contends was a company policy to check the brakes of the demonstrator car each time it went out. While the defendant Farris Motors may have established for itself a high standard of care for its customers, failure to inspect the brakes prior to the trip by defendant Knight did not constitute a breach of any duty owed to plaintiff. No other evidence of negligence appearing, the order of the trial court is

Affirmed.

Judges BECTON and ORR concur.