JERRY A. JONES AND FIDELITY & CASUALTY COMPANY v. RANEY CHEVROLET COMPANY.

(Filed 8 June, 1940.)

1. **Automobiles § 6—Dealer may be held liable for negligence in putting dangerous instrumentality on highways where it is likely to cause injury.**

   Evidence tending to show that defendant, an automobile dealer, sold the car in question second-hand with representation that the brakes thereon were good and reliable, while in fact the brakes were defective and in such condition that the operator would lose control over the car upon the application of the brakes in an emergency, and that plaintiff was injured while riding as a passenger in the car as a direct result of the defective brakes, *is held* to state a cause of action against the dealer in tort.

2. **Same: Evidence § 39—Where action is in tort and not upon contract, parol evidence at variance with contract is not incompetent.**

   In an action by a passenger in a car to recover for alleged negligence of the dealer in selling the car second-hand with representations that the brakes were dependable, while in fact the brakes were defective, and resulted in injury to plaintiff passenger when they were applied by the driver, parol evidence that the dealer had represented the brakes as being good and dependable is *erroneously excluded* on the ground that such evidence was at variance with the written contract between the purchaser of the car and the finance company, since plaintiff is not a party to the contract, and the action is in tort and not upon the contract.

3. **Automobiles § 6: Evidence § 42d—Post rem statement of agent is competent to show principal's knowledge of the transaction.**

   In an action by a passenger in an automobile to recover for the negligence of the dealer in selling the car second-hand with representations that the brakes were good and dependable, while in fact the brakes were defective and would likely result in injury to the public, testimony of defendant's employee that brakes of the type used on the car had given trouble, that they had had to change a lot of them, but that the brakes on this car had not been changed, *is held* competent as a *post rem* statement of the agent tending to show knowledge of the principal.

APPEAL by plaintiffs from *Hamilton, Special Judge,* at October Term, 1939, of NEW HANOVER. Reversed.

*Poisson & Campbell and J. A. Jones for plaintiffs, appellants.*
*E. K. Bryan and R. S. McClelland for defendant, appellee.*

SCHENCK, J. This is an action brought by an insurance carrier in the name of an employee by reason of having been subrogated to the rights of an employer by payment of compensation for which the employer was liable under the North Carolina Workmen's Compensation

Act against a person other than the employer, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. Sec. 11, ch. 120, Public Laws 1929; sec. 1, ch. 449, Public Laws 1933. (N. C. Code of 1935 [Michie], sec. 8081 [r]).

This case was before us at the Spring Term, 1938, and a judgment of the Superior Court sustaining a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action was reversed. (213 N. C., 775.)

Notwithstanding in the trial below there was evidence to support the principal allegations of the complaint, the court sustained the motion of the defendant for a judgment as in case of nonsuit lodged when the plaintiffs had introduced their evidence and rested their case, and entered judgment accordingly, from which judgment the plaintiffs appealed, assigning errors.

There was evidence tending to show that the plaintiff Jerry A. Jones was an invited guest in an automobile, that because of defective brakes the automobile was wrecked resulting in injury to the plaintiff, that the defendant Raney Chevrolet Company was an automobile dealer and sold the automobile, second-hand, to the owner thereof with whom the plaintiff was riding, and that the dealer represented to the owner that the automobile was equipped with good, reliable brakes when it knew, or by the exercise of due care could have known, that the automobile had defective brakes, and that the defects would naturally result in the brakes becoming applied in an emergency manner in the ordinary operation of the automobile, causing the operator to lose control over the automobile.

"A retail dealer who takes a used truck in trade and undertakes to repair and recondition it for resale for use upon the public highways owes a duty to the public to use reasonable care in the making of tests for the purpose of detecting defects which would make the truck a menace to those who might use it or come in contact with it and in making the repairs necessary to render the truck reasonably safe for use upon the public highways, and is charged with knowledge of defects which are patent or discoverable in the exercise of ordinary care." *Egan Chevrolet Co. v. Bruner,* 102 F. (2d), 373, 122 A. L. R., 987. We think that the foregoing is a clear and concise statement of the law applicable to the case at bar, and that the Superior Court erred in entering judgment as in case of nonsuit.

The plaintiffs offered to prove by the witness Riggs, to whom the defendant sold the automobile involved in the wreck in which plaintiff was injured, that at the time of the sale the salesman of the defendant represented to him, witness, that the brakes on the automobile had been reconditioned and were in good shape and would work properly, and

that the motor was as good as brand new. The court sustained the defendant's objection to this evidence upon the theory that it contradicted and varied the written contract between the witness and the General Motors Acceptance Corporation. In this we think the court erred. The plaintiff was a stranger to any contract which the witness made and is in no way claiming by, through or under any such contract. His action is for a tort—based upon the alleged negligence of the defendant in putting a dangerous instrumentality on the highways where it was likely to cause injury to the public, and especially to the plaintiff or any other passenger therein, and the evidence tended to show that the defendant represented the automobile to be in a safe condition when in truth it was in a dangerous condition.

Plaintiffs also offered evidence tending to prove that some time after the wreck and injury to the plaintiff the shop foreman of the defendant stated to the plaintiff that they had had a lot of trouble with the type of brake that was on the automobile in which the plaintiff was injured and they had to change a lot of them, but the brakes on this automobile had not been changed. The court sustained the defendant's objection to this evidence. We think this ruling was in error, since the evidence was competent for the purpose of fixing the defendant with knowledge of the defective condition of the type of brake of the automobile it was selling. "*Post rem* statements of an agent, however, may be introduced in evidence against the principal for the purpose of showing his knowledge of the transaction." 20 Am. Jur., Evidence, par. 599, p. 511; 131 American States Reports, p. 315.

Reversed.