MRS. ESTHER W. BYERS, ADMINISTRATRIX OF ESTATE OF WEAVER BYERS, DECEASED, v. STANDARD CONCRETE PRODUCTS COMPANY.

(Filed 23 November, 1966.)

**1. Highways § 1—**

The State Highway Commission is an administrative agency of the State having the delegated police power to establish, maintain and improve the State and county highways, and having such additional powers as are incidental to the powers expressly delegated.

**2. Highways § 2;   Automobiles §§ 6, 21.1—**

The State Highway Commission is specifically delegated the power to limit loads on bridges, and when it has posted on a bridge a warning sign limiting the load such provision is not only to prevent damage to the bridge but is also designed to promote the safety of persons using the bridge, and therefore it is a safety regulation so that its violation constitutes negligence *per se* and is actionable if it proximately causes injury.

**3. Highways § 2;   Automobiles § 41y—**

Evidence tending to show that defendant employee drove defendant's vehicle upon a highway bridge under reconstruction, that the vehicle had a weight greatly in excess of the weight limitation posted on the bridge, that the bridge collapsed, resulting in fatal injury to a highway foreman who was upon the bridge in the discharge of his duties, *is held* sufficient to be submitted to the jury on the issue of negligence, since a violation of G.S. 136-72 constitutes negligence *per se*, and the employee could have foreseen that injury or consequences of a generally injurious nature might have been expected by entering upon the bridge with the heavily loaded truck.

**4. Negligence § 26—**

Nonsuit on the ground of contributory negligence is proper only when plaintiff's evidence, taken in the light most favorable to him, so clearly establishes this defense that no other reasonable inference can be drawn therefrom, and nonsuit on the issue should be denied when opposing inferences are permissible from plaintiff's proof.

**5. Automobiles § 42k—**

Plaintiff's evidence tended to show that her intestate was employed by the Highway Commission as a skilled bridge man, that defendant's driver arrived at the bridge with a truck greatly in excess of the posted weight limit for the bridge and·that the driver stopped and descended from the

truck and talked to plaintiff's intestate, that thereafter the driver drove upon the bridge as intestate was some 18 feet onto the bridge, and that the bridge collapsed, resulting in fatal injury to intestate. *Held:* Intestate will not be held guilty of contributory negligence as a matter of law, the purport of the prior conversation between intestate and the driver being in the realm of speculation.

APPEAL by plaintiff from *Crissman, J.,* May-June 1966 Civil Session of WILKES.

Civil action to recover damages for alleged wrongful death.

Plaintiff's evidence tended to show the following: On 26 May 1965 plaintiff's intestate was employed by the North Carolina Highway Commission as a skilled bridge man. He, with a crew, was engaged in reconstructing bridge No. 241 in Wilkes County. Defendant had a contract with the North Carolina State Highway Commission to provide concrete needed in the reconstruction of the bridge, and had been delivering concrete to the site in its trucks. On this date, defendant's agent arrived at the site with a truck fully loaded with concrete. The evidence tends to show that the gross weight of the loaded truck was 40,000 pounds. The evidence further tended to show that at each end of the bridge was a sign stating "Weight Limit — single vehicle 10 tons; truck and trailer 18 tons." The bridge had remained open to traffic during the construction work.

One Lundy Hart, a member of the construction crew, testified that he observed defendant's loaded truck pull up on the west side of the bridge and stop; that he saw the driver descend from defendant's truck and talk to plaintiff's intestate. The record does not reveal the contents of the conversation. The last time he saw plaintiff's intestate he was about 18 feet onto the bridge. "The bridge shook about twice, and I reached down and got ahold of the form and everything was quiet and the truck was sitting in the creek." As a result of the bridge collapsing the plaintiff's intestate was injured and died from the injuries the next day.

At the close of plaintiff's evidence defendant's motion for nonsuit was allowed. Plaintiff appealed.

*Hayes & Hayes for plaintiff appellant.*
*Moore & Rousseau for defendant appellee.*

BRANCH, J. Plaintiff's principal assignment of error is based upon her exception to the allowing of defendant's motion for involuntary nonsuit. The State Highway Commission is an administrative agency of the State, to which the State has delegated the police power to establish, maintain and improve the state and county

highways. The Commission possesses such additional powers as are incidental to the purposes for which it was created. *Contractors, Inc., v. Hertz Corp.,* 256 N.C. 277, 123 S.E. 2d 802. Certain powers are specificially delegated to the State Highway Commission by G.S. 136-72, which reads as follows:

> "Load limits for bridges; liability for violations:—The State Highway Commission shall have authority to determine the maximum load limit for any and all bridges on the State highway system or on any county road systems, to be taken over under §§ 136-51 to 136-53, and post warning signs thereon, and it shall be *unlawful* for any person, firm, or corporation to transport any vehicle over and across any such bridge with a load exceeding the maximum load limit established by the Commission and posted upon said bridge, *and any person, firm, or corporation violating the provisions of this section shall, in addition to being guilty of a misdemeanor,* be liable for any or all damages resulting to such bridge because of such violation, to be recovered in a civil action, in the nature of a penalty, to be brought by the Commission in the superior court in the county in which such bridge is located or in the county in which the person, firm, or corporation is domiciled; if such person, firm, or corporation causing the damage shall be a nonresident or a foreign corporation, such action may be brought in the Superior Court of Wake County."

In the case of *Reynolds v. Murph,* 241 N.C. 60, 84 S.E. 2d 273, the Court considered a violation of G.S. 119-43 relative to the storage, labelling and handling of gasoline, and speaking through Bobbitt, J., said:

> "Violation of a statute, or ordinance of a city or town, relating to the storage, handling and distribution of gasoline is negligence *per se.* . . . This is the rule generally as to statutes enacted for the safety and protection of the public; *a fortiori,* when such violation in itself is a criminal offense. . . . In such case, the sole question is whether such negligence (or wrong) was the proximate cause of the injury for which recovery is sought. True, proximate cause, even when the violation of such statute is the negligence involved, includes foreseeability as one of its elements. . . . But when such negligence is alleged to have been the proximate cause of plaintiff's injury, this is sufficient, as against demurrer, unless it appears affirmatively from the complaint that there was no causal connection between the alleged negligence and the injury."

This Court has considered a great many statutes which impose a specific duty for the protection of others, and has held in many instances that violation thereof constitutes negligence *per se*. The violation of an ordinance against employing children under twelve years of age was held negligence *per se. Leathers v. Tobacco Co.,* 144 N.C. 330, 57 S.E. 11. The violation of an ordinance that forbade a railroad to block crossings for more than ten minutes was held negligence *per se. Dickey v. R. R.,* 196 N.C. 726, 147 S.E. 15. The failure to obtain a permit to operate oversize or overweight vehicles in violation of G.S. 20-119 was negligence *per se. Lyday v. R. R.,* 253 N.C. 687, 117 S.E. 2d 778. Also, the violation of many of the safety statutes relative to the operation of motor vehicles has been held to constitute negligence *per se*. Thus, the general rule in North Carolina is that the violation of a statute or ordinance that imposes upon a person a specific duty for the protection of others constitutes negligence *per se*. The basis of the rule seems to be that the statute prescribes the standard of care, and the standard fixed by the Legislature is absolute. *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331. Upon proof of breach of the statute, negligence is proven.

This Court has not specifically held that G.S. 136-72 is a statute imposing a specific duty for the protection of others. However, the Supreme Court of Virginia, in the case of *Tiller v. Commonwealth,* 193 Va. 418, in considering a statute regulating and controlling the size and weight of vehicles using the Virginia highways, used this language:

"Construction and maintenance of highways in this state involves the expenditure of vast sums of money and it is obvious that the purpose of the legislature in enacting the statute herein involved was to prevent injury to roads and bridges *and to promote the safety of persons traveling over the highways by prohibiting the use on the public highways of vehicles of excessive weight.*" (Italics ours)

There is sufficient evidence to show that defendant's agent violated the provisions of G.S. 136-72. Upon being confronted with the warning sign on the bridge and being on notice that the bridge was being repaired, the defendant's agent could have foreseen that some injury or that consequences of a generally injurious nature might have been expected by entering upon the bridge with the heavily laden truck.

The defendant contends that the plaintiff's intestate was contributorily negligent. Since the burden of proof on the issue of contributory negligence is upon the defendant, nonsuit on this ground should be allowed only when plaintiff's evidence, taken in the light

most favorable to him, so clearly establishes this defense that no other reasonable inference or conclusion can be drawn therefrom. *Waters v. Harris,* 250 N.C. 701, 110 S.E. 2d 283.

Plaintiff's evidence shows nothing more than that the deceased proceeded out on the bridge towards the other side after having been engaged in conversation with defendant's driver. The conclusions defendant would have us draw from the evidence adduced at the trial amount to nothing more than inferences. "Nonsuit on the issue of contributory negligence should be denied when the relevant facts are in dispute *or opposing inferences are permissible from plaintiff's proof.*" (Italics ours) *Wilson v. Camp,* 249 N.C. 754, 107 S.E. 2d 743.

It is clear from plaintiff's evidence that her intestate was lawfully on the bridge. "It is the duty of drivers of vehicles to use due care to avoid injuries to pedestrians and other travelers lawfully using the way, or to persons rightfully working therein, and they are liable for injuries proximately resulting from their negligence in this regard." 25 Am. Jur., Highways, § 225, p. 519.

For reasons stated, the judgment allowing defendant's motion for nonsuit is

Reversed.