SHARON E. ANDERSON, BY HER NEXT FRIEND, EMERY ANDERSON v. RAWLEIGH W. ROBINSON, D/B/A ROBINSON BROTHERS MOTOR COMPANY AND JAMES A. JENKINS

No. 7028SC155

(Filed 27 May 1970)

**1. Automobiles §§ 68, 92— defective brakes — negligence of driver — sufficiency of evidence**

Evidence offered by plaintiff guest passenger *is held* sufficient to go to the jury on the issue of defendant driver's negligence in operating a vehicle with defective brakes where it tends to show that, at the time of the accident, the brakes on defendant's automobile were defective and did not meet the requirements of G.S. 20-124, and that defendant had actual knowledge prior to the accident of some defect in the brakes.

2. **Automobiles §§ 6, 93— negligence of used car dealer — failure to have vehicle inspected — defective brakes**

In this action by plaintiff automobile passenger against defendant used car dealer to recover for personal injuries sustained when an automobile left the road and wrecked shortly after it was purchased by the driver, plaintiff's evidence *is held* sufficient for the jury where it tends to show that defendant dealer sold the automobile to the driver without having it inspected as required by G.S. 20-183.2 and after a defective condition of the brakes had been called to the attention of defendant's salesman by an earlier prospective purchaser, and that the brakes failed, a wreck ensued, and plaintiff was injured.

3. **Automobiles §§ 6, 23— failure of dealer to have vehicle inspected — negligence per se**

The retail sale of an automobile by a dealer without first having the official inspection required by G.S. 20-183.3 is negligence *per se* and is actionable if it proximately causes injury.

4. **Negligence § 8— proximate cause — jury question**

What is the proximate cause of an injury is ordinarily a question for the jury.

APPEAL by plaintiff from *Ragsdale, S.J.,* 18 August 1969, Civil Session of BUNCOMBE Superior Court.

The plaintiff instituted this action to recover for injuries she sustained while a passenger in a 1962 Chevrolet operated by defendant Jenkins. Allegations in plaintiff's complaint were to the effect that on 19 July 1966 Jenkins purchased the automobile from defendant Robinson, a used car dealer. Plaintiff alleged that at the time of the sale of the automobile, the brakes thereon were defective and that this fact was known by the dealer or by the exercise of reasonable care, should have been known in that the defect had been called to his attention by an earlier prospective purchaser and would have been disclosed by a reasonable inspection or by the official inspection required in the statute. Plaintiff further alleged that the dealer had failed to comply with G.S. 20-183.2 which requires motor vehicle dealers, prior to the sale of a vehicle, to have the same inspected at an approved inspection station and have affixed thereto an approved inspection sticker. Plaintiff alleged in substance that Jenkins was negligent in operating a vehicle not equipped with brakes as required by G.S. 20-124 and was negligent in the manner in which he drove the automobile. As a result of the alleged negligence of both defendants, plaintiff contends that she sustained serious injuries when the automobile, shortly after its purchase from Robinson, ran off the highway and wrecked.

At the conclusion of the plaintiff's evidence the motion of each

defendant for a judgment of involuntary nonsuit was allowed. From the judgments of involuntary nonsuit, the plaintiff appeals.

*Gudger, Erwin and Crow by James P. Erwin, Jr., for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes and Hyde by O. E. Starnes, Jr., and Scott N. Brown, Jr., and Uzzell and DuMont by Harry DuMont for defendant appellee Robinson.*

*Williams, Morris and Golding by J. N. Golding for defendant appellee Jenkins.*

VAUGHN, J.

[1]    Every motor vehicle, when operated upon the highway shall be equipped with brakes that are maintained in good working order and conform to the regulations prescribed by statute. G.S. 20-124; *Austin v. Austin,* 252 N.C. 283, 113 S.E. 2d 553. Plaintiff's evidence was clearly sufficient to show that, at the time of the accident, the brakes on defendant Jenkins' automobile were defective and did not meet the requirements of this statute. Where the plaintiff has shown the defendant's brakes to be defective, which is negligence *per se,* our Supreme Court has stated the correct rule to be as follows:

> "The true rule is, we think, clearly and accurately stated in *Wilson v. Shumate,* 296 S.W. 2d 72. There plaintiff was driving defendant's automobile at his request. She was injured because of the failure of the brakes on the car. The Court said: 'Plaintiff's testimony heretofore noted, that the brake pedal went clear to the floor as she 'again and again' used it in an attempt to stop the automobile, that it had failed to slow or stop but ran into the embankment, was sufficient evidence from which a jury reasonably could find that defendant's automobile was not equipped with two sets of brakes in good working order during the time plaintiff was driving and that the defective foot brake contributed to cause the collision. Defendant's failure to observe the duty or standard of care prescribed by the statute constituted negligence. In recognition, however, of the principle that the statutes must be reasonably construed and applied, defendant could offer proof of legal excuse of avoidance of his failure to have observed the duty created by the statute, i.e., proof that an occurrence wholly without his fault made compliance with the statute impossible at the moment complained of and which proper care on his part would not have avoided.

Upon adducing the substantial evidence tending to so prove, it was then a jury question as to whether the defendant was negligent for failure to have provided a foot brake in good working order.' " *Stephens v. Oil Co.,* 259 N.C. 456, 131 S.E. 2d 39.

In the case before us, the plaintiff went further and offered evidence which, when taken to be true as it must be on a motion for judgment as of nonsuit, supports the inference that defendant, prior to the accident, had actual knowledge of some defect in the brakes. There was evidence tending to show that shortly before the accident he parked the automobile on an incline. It began to roll. The defendant then said, "I jumped back into the car and attempted to put on the brake. The car wouldn't stop. The brake pedal went to the floor but it didn't stop it." He stopped the automobile finally by putting it in gear. Some fifteen or twenty minutes later the plaintiff got in the automobile with the defendant, who, despite the earlier malfunction of the brakes, then proceeded to operate his automobile on the highway without further inspection or repair. The wreck occurred very soon thereafter. There was other evidence tending to show negligence on the part of the defendant Jenkins in the actual operation of the vehicle. We hold that plaintiff's evidence was sufficient to withstand defendant's motion for a judgment as of nonsuit and that a new trial must be ordered in plaintiff's action against the defendant Jenkins.

[2-4]  We now reach the appeal relating to the defendant Robinson, the dealer who shortly before the accident, sold the vehicle in which plaintiff was injured. We agree with plaintiff's contention that there was evidence from which the jury could have found that this defendant did not comply with the provision of G.S. 20-183.2 which requires all motor vehicle dealers, prior to the retail sale of a vehicle, to have such vehicle inspected by an approved station and have affixed thereto an approved inspection certificate. The statute requires that the vehicle must be found to possess, among other things, brakes that are in a safe operating condition. G.S. 20-183.3. The retail sale of an automobile by a dealer, without first having the official inspection required by this statute, is negligence *per se.* This is the general rule as to statutes enacted for the safety and protection of the public. In such cases, the only remaining question is whether such negligence was a proximate cause of the injury for which recovery is sought. *Byers v. Products Co.,* 268 N.C. 518, 151 S.E. 2d 38; *Reynolds v. Murph,* 241 N.C. 60, 84 S.E. 2d 273. Proximate cause is an inference of fact. "It is only when the facts are all admitted and only one inference may be drawn from them that the court will declare whether an act was the proximate cause of an

injury or not. But that is rarely the case. *Taylor v. Stewart*, 172 N.C., 203, 90 S.E., 134. Hence, 'what is the proximate cause of an injury is ordinarily a question for the jury . . . It is to be determined as a fact in view of the circumstances of fact attending it.' " *Conley v. Pearce-Young-Angel Co.*, 224 N.C. 211, 29 S.E. 2d 740.

[2]    Plaintiff also offered testimony tending to show that on Saturday, prior to the sale of the vehicle to defendant Jenkins on the following Tuesday, a prospective buyer drove the vehicle. As a witness for plaintiff this person testified as follows: "When I turned up Old Hall Street I put the brakes on and the brakes pulled and felt spongy and just barely did stop the car. So I took it back." He later told one of defendant's salesmen "what was wrong with it."

Plaintiff's evidence further tended to show that Jenkins purchased the automobile shortly after noon and that about two hours later, after the vehicle had been driven a total distance of approximately 35 to 40 miles from the time it left defendant's lot, the brakes would not stop the vehicle at the Allen home; that a few miles and shortly thereafter a full depression of the brake pedal did not result in the application of any braking force to the wheels; a wreck ensued and plaintiff was injured. In *Austin v. Austin, supra*, the evidence indicated that defendant was enroute from Washington, D. C. to Salisbury, North Carolina. Near Danville, Virginia, he noticed that when he put his foot on the pedal it would go down farther than it should. He caused fluid to be added to the master cylinder. He had no further difficulty with the brakes between Danville, Virginia and Salisbury, a distance of about 100 miles. He then turned his automobile over to plaintiff's intestate in order that she might drive it to Charlotte. Nothing was said about the difficulty he had had with the brakes. Enroute to Charlotte plaintiff's intestate attempted to apply the brakes and found that she had none. This occurred less than five hours after the fluid had been added in Danville. The Supreme Court of North Carolina reversed the judgment of nonsuit which had been entered at the close of the plaintiff's evidence. The Court held that defendant's knowledge that the fluid became low near Danville, Virginia, imposed a duty upon him to inspect the vehicle and determine the cause. In the case before us, in addition to the evidence of notice of some defect, the duty to inspect was required by statute.

From the facts reported in the opinion, *Jones v. Chevrolet Co.*, 217 N.C. 693, 9 S.E. 2d 395, appears to present a factual situation

similar to the case at bar. The following statement from the opinion would seem to be appropriate here.

"There was evidence tending to show that the plaintiff Jerry A. Jones was an invited guest in an automobile, that because of defective brakes the automobile was wrecked resulting in injury to the plaintiff, that the defendant Raney Chevrolet Company was an automobile dealer and sold the automobile, second-hand, to the owner thereof with whom the plaintiff was riding, and that the dealer represented to the owner that the automobile was equipped with good, reliable brakes when it knew, or by the exercise of due care could have known, that the automobile had defective brakes, and that the defects would naturally result in the brakes becoming applied in an emergency manner in the ordinary operation of the automobile, causing the operator to lose control over the automobile.

" 'A retail dealer who takes a used truck in trade and undertakes to repair and recondition it for resale for use upon the public highways owes a duty to the public to use reasonable care in the making of tests for the purpose of detecting defects which would make the truck a menace to those who might use it or come in contact with it and in making the repairs necessary to render the truck reasonably safe for use upon the public highways, and is charged with knowledge of defects which are patent or discoverable in the exercise of due care.' *Egan Chevrolet Co. v. Bruner,* 102 F. (2d), 373, 122 A.L.R., 987. We think that the foregoing is a clear and concise statement of the law applicable to the case at bar, and that the Superior Court erred in entering judgment as in case of nonsuit."

We, of course, express no opinion as to what, if anything, the evidence does prove. We do decide that when the evidence is taken as true and when all conflicts therein are resolved in the light most favorable to the plaintiff and when there is extended to the plaintiff the benefit of every fair inference which would reasonably be drawn therefrom, an issue of fact for the jury is presented.

The judgment of nonsuit as to each defendant is reversed.

Reversed.

MALLARD, C.J., and MORRIS, J., concur.