LAURA G. BALDWIN v. GTE SOUTH, INCORPORATED

No. 220A93

(Filed 28 January 1994)

### Negligence § 5 (NCI4th); Highways, Streets, and Roads § 2 (NCI4th)— telephone booth placed in highway right-of-way— negligence per se

The trial court correctly denied defendant's motion for a directed verdict, and the Court of Appeals erred by reversing that denial, where plaintiff was injured when she was struck by one of the vehicles in an automobile accident as she was using a telephone booth which was inside the public right-of-way in violation of DOT regulations. When the violation of an administrative regulation enacted for safety purposes is criminal, as here, that violation is negligence *per se*, unless otherwise provided, and a member of the class intended to be protected who suffers harm proximately caused by the violation has a claim against the violator. Plaintiff was a member of the class the regulation was intended to protect because the regulation controls the placement of telephone booths within rights-of-way which often encompass more than the area occupied by the road used by motorists; logic dictates that the purpose of the regulation was to protect the safety of the motorist who might leave the road and strike the booth while simultaneously protecting the pedestrian who might be using the booth. N.C.G.S. § 136-18(2).

### Am Jur 2d, Negligence §§ 716 et seq.

Justice WEBB did not participate in the consideration or decision of this case.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 110 N.C. App. 54, 428 S.E.2d 857 (1993), reversing a judgment for plaintiff entered on 10 December 1991 by Brewer, J., in Superior Court, Durham County. Heard in the Supreme Court 6 December 1993.

*Wallace, Creech, Sarda & Zaytoun, by Robert E. Zaytoun and Patricia L. Wilson, for plaintiff-appellant.*

*Faison & Fletcher, by O. William Faison and Gary R. Poole, for defendant-appellee.*

**BALDWIN v. GTE SOUTH, INC.**

[335 N.C. 544 (1994)]

WHICHARD, Justice.

On 19 November 1988, at the intersection of Hillsborough Road and Sparger Road in Durham County, Linda Taylor apparently ran a stop sign while driving south on Sparger Road. She collided with a dump truck owned by Earl J. Latta, Inc., which Essell Day was driving west on Hillsborough Road. Day crossed the center line and struck the plaintiff, Laura Baldwin, as she was using a telephone booth located approximately one hundred and seventy-seven feet from the collision site. The booth, which was owned by GTE South (defendant), was approximately twenty-five feet from the edge of Hillsborough Road and was inside the public right-of-way. The right-of-way extended fifty feet from the center line on each side of Hillsborough Road. A North Carolina Department of Transportation (DOT) regulation prohibited the placement of telephone booths within public rights-of-way.

Plaintiff sued Taylor, Day, Latta, GTE Corporation and GTE South. After receiving settlements totaling $450,000.00, plaintiff voluntarily dismissed with prejudice her claims against Taylor, Day and Latta. She also voluntarily dismissed without prejudice her claim against GTE Corporation. Plaintiff and defendant proceeded to trial.

The trial court ruled *in limine* that the regulation prohibiting the placement of telephone booths within rights-of-way was a safety regulation and that plaintiff was within the protected class of persons. At the close of plaintiff's evidence and at the close of all the evidence, defendant moved for a directed verdict. The trial court denied these motions. The court instructed the jury that violation of the safety regulation in question was negligence *per se*, but that plaintiff still had the burden of proving that such negligence was a proximate cause of her injuries. The jury awarded plaintiff $482,670.00, from which the amount of plaintiff's previous settlements was subtracted.

On appeal, the Court of Appeals determined that the regulation prohibiting the placement of telephone booths within rights-of-way had safety implications but that plaintiff, as a pedestrian, was not within the class of protected persons. It therefore reversed the trial court's denial of defendant's motion for a directed verdict. Judge Orr dissented. Plaintiff appealed to this Court as a matter of right based on the dissent. N.C.G.S. § 7A-30(2) (1989). We now hold that plaintiff, as a pedestrian, is within the class protected

by the regulation, and we accordingly reverse the decision of the Court of Appeals.

Pursuant to the enabling authority of N.C.G.S. § 136-18(2), DOT has power "to locate and acquire rights-of-way for any new roads that may be necessary for a State highway system." N.C.G.S. § 136-18(2) (1993). In addition, it has power

> [t]o make proper and reasonable rules, regulations and ordinances for the placing or erection of telephone, telegraph, electric and other lines, above or below ground, signboards, fences, . . . pipelines, and other similar obstructions that may, in the opinion of [DOT], contribute to the hazard upon any of the said highways or in any way interfere with the same, and to make reasonable rules and regulations for the proper control thereof.

N.C.G.S. § 136-18(10) (1993). The statute further provides that "[a]ny violation of such rules and regulations . . . shall constitute a misdemeanor." *Id.*

Pursuant to N.C.G.S. § 136-18(10), DOT enacted a regulation controlling the placement of telephone booths within rights-of-way: "Telephone pay-station booths or other commercial telephone installations are not permitted on highway rights-of-way, except in rest areas or truck weigh stations." N.C. Dep't of Transp., Division of Highways, *Policies and Procedures for Accommodating Utilities on Highway Rights of Way* 69 (1976). Defendant, which was legally obligated to follow the regulation, violated this prohibition when it installed the Hillsborough Road telephone booth within the public right-of-way.

When the violation of an administrative regulation enacted for safety purposes is criminal, as here, that violation is negligence *per se* in a civil trial unless otherwise provided. *Swaney v. Steel Co.*, 259 N.C. 531, 542, 131 S.E.2d 601, 609 (1963). A safety statute or a safety regulation having the force and effect of a statute creates a specific duty for the protection of others. *Ratliff v. Power Co.*, 268 N.C. 605, 610, 151 S.E.2d 641, 645 (1966) (statute); *Drum v. Bisaner*, 252 N.C. 305, 309-10, 113 S.E.2d 560, 564 (1960) (regulation). A member of the class intended to be protected by a statute or regulation who suffers harm proximately caused by its violation has a claim against the violator. *Hart v. Ivey*, 332 N.C. 299, 303, 420 S.E.2d 174, 177 (1992); *see Drum*, 252 N.C. at 309-10, 113 S.E.2d

at 563-64 (applying negligence *per se* analysis used for statutes to regulation having the force and effect of a statute).

To determine whether plaintiff is a member of the class protected by the regulation, we must examine its purpose, which it does not expressly state. If the implied purpose is to protect both motorists and pedestrians, plaintiff is within the class intended to be protected.

We previously have interpreted a statute that was silent as to its purpose in *Byers v. Products Co.*, 268 N.C. 518, 151 S.E.2d 38 (1966), a case analogous to the one before us. There, we construed a statute that gave the State Highway Commission the power to determine the maximum weight allowed on bridges within the state highway system and required the posting of warning signs indicating the maximum weight allowed. 1931 N.C. Public Laws ch. 145, § 16. The statute provided that it was unlawful for any entity to transport any vehicle over a bridge while carrying a load weighing in excess of the allowed amount. In contravention of a weight limit warning sign, an agent of the defendant drove the defendant's truck onto a bridge. A construction worker standing on the bridge died when the bridge collapsed due to the truck's weight. We held that the regulation's protected class included not only the driving public but also the pedestrian who was standing on the bridge. *Byers*, 268 N.C. at 521-22, 151 S.E.2d at 40-41. We explained that the purpose of the statute "was to prevent injury to roads and bridges *and to promote the safety of persons traveling over the highways by prohibiting the use on the public highways of vehicles of excessive weight." Id.* at 521, 151 S.E.2d at 40 (quoting *Tiller v. Commonwealth*, 193 Va. 418, 420-21, 69 S.E.2d 441, 443 (1952)). The defendant's violation of the statute was therefore negligence *per se.*

In *Byers* the statute at issue did not expressly protect pedestrians. We nonetheless concluded that pedestrians were members of the protected class because the weight limit statute promoted the safety of both motorists and pedestrians by attempting to prevent the collapse of a bridge at a time when a member of either class was using it. Similarly, the telephone booth regulation here, which does not state an express purpose, concurrently promotes the safety of both motorists and pedestrians who travel within public rights-of-way. One implied purpose is to protect the safety of motorists by eliminating an obstruction a motorist other-

wise might strike after leaving the road. The DOT's concerns in enacting this regulation, however, necessarily included more than the safety of motorists because the regulation controls the placement of telephone booths within rights-of-way which often encompass more than the area occupied by the road used by motorists. Here, the telephone booth, which naturally attracts pedestrians, was twenty-five feet from the edge of the road, yet within the right-of-way. Logic dictates that the purpose of this regulation was to protect the safety of the motorist who might leave the road and strike the booth while simultaneously protecting the pedestrian who might be using the booth. Therefore, plaintiff, as a pedestrian lawfully and properly using the booth, was a member of the class the regulation was intended to protect.

Accordingly, the decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals with instructions to remand to the Superior Court, Durham County, for reinstatement of the judgment for plaintiff.

REVERSED AND REMANDED.

Justice WEBB did not participate in the consideration or decision of this case.