TIMOTHY L. HARDIN, Administrator of the Estate of VERNA CATHEY HARDIN, DENNIS C. HARDIN, TAMMY F. HARDIN, RANDALL M. HARDIN and TIMOTHY L. HARDIN, the next of kin, Plaintiffs v. YORK MEMORIAL PARK, and ALDERWOODS GROUP, INC., SERVICE CORPORATION INTERNATIONAL a/k/a SCI, Defendants

No. COA11-80

(Filed 19 June 2012)

1. **Pleadings—motion to amend complaint improperly denied—requested before any responsive pleading filed**

The trial court erred as a matter of law in a case arising from the sale of family burial plots to third parties by dismissing plaintiffs' amended complaint before defendants filed a motion to dismiss, responsive pleading, or otherwise answered the complaint. Plaintiffs were entitled to amend their complaint as a matter of right before a responsive pleading was filed.

2. **Jurisdiction—personal—long-arm statute**

The trial court did not have personal jurisdiction over SCI and did not err by granting defendants' N.C.G.S. § 1A-1, Rule 12(b)(2) motion in a case arising from the sale of family burial plots to third parties. Plaintiffs failed to allege facts that permitted the inference of jurisdiction under the long-arm statute.

3. **Statutes of Limitation and Repose—breach of contract—erroneous dismissal**

The trial court erred when it dismissed plaintiffs' claim for breach of contract arising from the sale of family burial plots to third parties. Although the statute of limitations under N.C.G.S. § 1-52 barred the claim for the second burial plot that was resold in 1993, the allegations in the complaint did not establish that the breach of contract for the third burial plot was barred.

4. **Contracts—breach of contract—third party beneficiary—burial plot**

The trial court erred by dismissing plaintiffs' breach of contract claim arising from the sale of family burial plots to third parties

based on third party beneficiary contract doctrine. The allegations were sufficient to allege that plaintiffs were the intended direct beneficiaries of the third burial plot.

**5. Negligence—failure to allege common law duty—bare assertion of contractual obligation**

The trial court did not err by dismissing plaintiffs' claims of negligence for failure to state a valid claim for relief in an action arising from the sale of family burial plots to third parties. Plaintiffs did not allege that defendants owed them a common law duty. Plaintiff's bare assertion was grounded solely on contractual obligation to plaintiffs' deceased mother.

**6. Cemeteries—negligence per se—sale of family plots to third parties—not a public safety statute**

The trial court did not err by dismissing plaintiffs' claim for negligence *per se* based on N.C.G.S. § 65-60 in an action arising from the sale of family burial plots to third parties. Instead of being a public safety statute, it was designed to ensure that cemeteries kept proper records and gave the North Carolina Cemetery Commission authority to enforce the record keeping requirement and other regulations.

**7. Cemeteries—sale of family plots to third party—res ipsa loquitor not an independent basis for liability**

The trial court did not err by dismissing plaintiffs' *res ipsa loquitor* claim arising from the sale of family burial plots to third parties. *Res ipsa loquitur* is not an independent basis for imposing liability.

**8. Emotional Distress—intentional infliction of emotional distress—negligent infliction of emotional distress—sale of family burial plots to third parties**

The trial court did not err by dismissing plaintiffs' claims of intentional and negligent infliction of emotional distress arising from the sale of family burial plots to third parties. Plaintiffs' allegations did not rise to a level of conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community. Further, plaintiffs only alleged the foreseeability of pain and suffering.

**9. Unfair Trade Practices—sale of family burial plots to third parties—failure to allege aggravating circumstances**

The trial court did not err by dismissing plaintiffs' claim of unfair and deceptive trade practices arising from the sale of family burial plots to third parties. The Estate failed to allege any aggravating circumstances related to the breach of contract.

**10. Fraud—fraud in inducement—sale of family burial plots to third parties—vague and general allegations**

The trial court did not err by dismissing plaintiffs' claims for fraud and fraud in the inducement arising from the sale of family burial plots to third parties. Plaintiffs' allegations regarding fraud were too vague and general.

**11. Fraud—upon public—not recognized theory in North Carolina**

The trial court did not err by dismissing plaintiffs' claim for fraud upon the public arising from the sale of family burial plots to third parties. Fraud upon the public is not a recognized theory of recovery under North Carolina law.

Appeal by Plaintiffs from order entered 29 July 2010 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 17 August 2011.

*Pamela A. Hunter, for Plaintiff-Appellants.*

*Moore & Van Allen, PLLC, by M. Cabell Clay, Anthony T. Lathrop and Alton L. Gwaltney, III, for Defendant-Appellees.*

BEASLEY, Judge

Plaintiffs appeal from final judgment pursuant to N.C. Gen. Stat. §7A-27(b). For the following reasons, we affirm in part and reverse in part.

In August 1993 at the death of her husband, Verna Cathey Hardin (Verna) purchased three burial plots from York Memorial Park. One plot was purchased for the burial of her deceased husband, and the other two plots were to be used as family plots. On 15 August 2004, Verna died, survived by her children: Timothy L. Hardin, Dennis C. Hardin, Tammy F. Hardin, and Randall M. Hardin, and the Estate of Verna Cathey Hardin (Plaintiffs). At her death, Plaintiffs contacted York Memorial Park (York) to make arrangements for Verna's burial.

York informed Plaintiffs that both family plots had been sold to third parties. The plot beside Plaintiffs' deceased father was resold to a third party and had been in use for over ten years. The second plot was also sold to a third party. Subsequently, Plaintiffs' parents were not buried together and Plaintiffs commenced a civil action on 9 November 2006 based on breach of contract. On 2 August 2007, Plaintiffs voluntarily dismissed claims against York and Alderwoods Group, Inc. (Alderwoods) pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure.

On 30 July 2008, Plaintiffs commenced a new action against both York and Alderwoods and added an additional Defendant, Service Corporation International (SCI). Defendants moved to dismiss the complaint pursuant to 12(b)(2) and 12(b)(6) of the North Carolina Rules of Civil Procedure. The trial court heard Defendants' motions on 21 September 2009. During the hearing, Plaintiff submitted an amendment to the complaint. On 9 July 2010, the trial court dismissed the Plaintiffs' complaint with prejudice.[1] Plaintiffs filed a Motion for a New Trial on 12 August 2010, and Notice of Appeal on 27 August 2010. Because the trial court did not rule on the Motion for a New Trial, jurisdiction is proper with this Court.

[1] Plaintiffs contend that "the trial court err[ed] as a matter of law when it dismissed the plaintiffs' amended complaint before the defendants filed a motion to dismiss, responsive pleading or otherwise answered the amended complaint[.]" We agree.

Pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted . . . he may so amend it at any time within 30 days after it is served." N.C. Gen. Stat. § 1A–1, Rule 15(a)(2011). "For purposes of this rule, a Rule 12(b)(6) motion to dismiss is not a responsive pleading and thus does not itself terminate plaintiff's unconditional right to amend a complaint under Rule 15(a)." *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 134 N.C. App. 65, 68, 516 S.E.2d 911, 913 (1999)(internal quotation marks omitted).

In the case *sub·judice*, Defendants filed both a 12(b)(2) and a 12(b)(6) motion, but did not file a responsive pleading. Plaintiffs are

---

1. While it appears that the trial court dismissed the entire complaint against all of the Defendants, Defendant SCI filed a motion to dismiss pursuant to North Carolina Rules of Civil Procedure 12(b)(2) and 12(b)(6) and Defendant Alderwoods filed a motion to dismiss pursuant to the North Carolina Rules of Civil Procedure 12(b)(6).

correct in their assertion that they were entitled to amend their complaint as a matter of right before a responsive pleading is filed. Plaintiffs further argue that the record reveals that the trial court did not consider the amendment to the complaint in its 29 July 2010 Order of Dismissal because in Finding of Fact Number 2, it found that Plaintiffs did not properly allege Timothy Hardin's capacity to sue as Administrator of the Estate, though Plaintiffs did in fact allege as much in the amended complaint. Since the amended complaint does not affect our review of the Rule 12 (b)(2) motion and since we review a Rule 12 (b)(6) dismissal *de novo*, our review will incorporate the amended complaint.

[2] Next, Plaintiffs contend that the trial court had personal jurisdiction over SCI and erred by granting Defendants' 12(b)(2) motion. We disagree.

Our Court has previously held that when reviewing the grant or denial of a 12(b)(2) motion

> [t]he standard of review to be applied by a trial court . . . depends upon the procedural context confronting the court.
>
> . . . .
>
> [I]f the defendant supplements his motion to dismiss with an affidavit or other supporting evidence, the allegations in the complaint can no longer be taken as true or controlling and plaintiff cannot rest on the allegations of the complaint. In order to determine whether there is evidence to support an exercise of personal jurisdiction, the court then considers (1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit (which are uncontroverted because of the plaintiff's failure to offer evidence).
>
> . . . .
>
> When this Court reviews a decision as to personal jurisdiction, it considers only whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court. Under Rule 52(a)(2) of the Rules of Civil Procedure, however, the trial court is not required to make specific findings of fact unless requested by a party. When the record contains no findings of fact, it is presumed that the court on proper evidence found facts to support its judgment.

*Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.*, 169 N.C. App. 690, 693-94, 611 S.E.2d 179, 182-83 (2005) (internal citations, internal quotation marks, ellipses, and brackets omitted).

In order to determine whether our Court may exercise personal jurisdiction over a non-resident defendant, we apply a two part test: "(1) Does a statutory basis for personal jurisdiction exist, and (2) If so, does the exercise of this jurisdiction violate constitutional due process?" *Golds v. Central Express, Inc.*, 142 N.C. App. 664, 665, 544 S.E.2d 23, 25 (2001). "The assertion of personal jurisdiction over a defendant comports with due process if defendant is found to have sufficient minimum contacts with the forum state to confer jurisdiction." *Id.* at 665-66, 544 S.E.2d at 25. The long-arm statute is "liberally construed to find personal jurisdiction over nonresident defendants to the full extent allowed by due process." *Id.* at 666, 544 S.E.2d at 26. "The burden is on [the] plaintiff to establish itself within some ground for the exercise of personal jurisdiction over defendant." *Public Relations, Inc. v. Enterprises, Inc.*, 36 N.C. App. 673, 677, 245 S.E.2d 782, 784 (1978). "The failure to plead the particulars of jurisdiction is not fatal to the claim so long as the facts alleged permit the inference of jurisdiction under the statute." *Williams v. Institute for Computational Studies*, 85 N.C. App. 421, 428, 355 S.E.2d 177, 182 (1987).

In the present case, Plaintiffs contend that N.C. Gen. Stat. § 1-75.4(1) confers jurisdiction because SCI acquired and retains all shares in Alderwoods, a co-defendant. Defendant SCI submitted an affidavit in support of its 12(b)(2) motion. Plaintiffs did not present any affidavits, but instead relied on verified responses by Defendants. Defendants' responses do nothing more than re-state an issue that is uncontroverted; SCI acquired and retains all shares of Alderwoods. Rather, the issue is whether or not SCI, by virtue of its position as sole shareholder in Alderwoods, falls within the purview of the long-arm statute.

In *Golds*, our Court held that the plaintiff did not meet its burden of presenting a prima facie statutory basis for personal jurisdiction where "the complaint [did] not state the section of this statute under which jurisdiction [was] obtained nor [did] it allege any facts as to activity being conducted in this State". *Golds*, 142 N.C. App. at 667, 544 S.E.2d at 26. Similarly, Plaintiffs asserted the section of the long-arm statute in their brief, but failed to state any grounds for personal jurisdiction in their complaint. Further, the complaint did not allege facts as to activity being conducted within the state by SCI. Moreover, Defendant submitted an affidavit in support of its contention that the

court lacked personal jurisdiction, which this court accepts as fact, where Plaintiffs presented no additional support to their bare assertion of statutory jurisdiction. Based on the foregoing, we hold that Plaintiffs failed to allege facts that permitted the inference of jurisdiction under the long-arm statute. Therefore, Plaintiffs' argument is overruled.

**[3]** Next, Plaintiffs argue that the trial court erred when it dismissed their claim for breach of contract. We disagree.

Our Court reviews the grant of a motion to dismiss pursuant to 12(b)(6) to determine

> whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true. Dismissal is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. On appeal of a 12(b)(6) motion to dismiss, this Court conducts a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.

*Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428–29 (2007) (citations and internal quotation marks omitted).

Plaintiffs argue that they properly alleged a breach of the burial contract entered into by their deceased mother. Defendants argue, and we agree, that the statute of limitations bars the breach of contract claim.

Pursuant to N.C. Gen. Stat. § 1-52, the applicable statute of limitations for a breach of contract claim is three years. This action was not commenced until 2006. Defendants allege that if a breach occurred, it would have occurred in 1993, when Defendants resold one of the two family burial plots. Plaintiffs argue that the statute of limitations should have begun to run in 2004 when Plaintiffs' mother died. We note that Plaintiffs cite no authority for this argument. As we have previously stated, "appellant bears the burden to show error in the trial court's ruling[.]" *Stott v. Nationwide Mut. Ins. Co.*, 183 N.C.

App. 46, 50, 643 S.E.2d 653, 656 (2007) (citation omitted). Because the trial court found that the breach of contract claim was barred by the statute of limitations, and Plaintiffs' argument is unsupported by authority, we affirm the trial court's determination that the breach of contract claim for the burial plot resold in 1993 is barred by the statute of limitations. With respect to the other family burial plot, the complaint alleges that "the plaintiffs are unaware of the date the last family burial plot was sold." The allegations in the complaint do not, therefore, establish that the breach of contract claim for the last plot is barred by the statute of limitations. Therefore, we hold that the trial court erred in dismissing it on the basis of the statute of limitations. Since neither the trial court nor Defendants assert any other basis for dismissing the breach of contract claim, we reverse the trial court's dismissal of the breach of contract claim with respect to the third burial plot.

**[4]** Plaintiffs also argue that the trial court erred by dismissing their breach of contract claim based on third party beneficiary. In order "[t]o establish a claim based on the third party beneficiary contract doctrine, a complaint's allegations must show: (1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was entered into for his direct, and not incidental, benefit." *LSB Financial Services, Inc. v. Harrison*, 144 N.C. App. 542, 548, 548 S.E.2d 574, 578 (2001) (citation omitted).

The complaint alleges the existence of a valid enforceable contract between Verna and Defendants. A paragraph of the amended complaint alleges that Plaintiffs are "the children of the decedent [and] are the direct beneficiaries of the contract between [Verna] and the [D]efendants." The original complaint also alleged that Verna's "purpose in purchasing family plots was to insure that family members would be buried next to each other." These allegations are sufficient to allege, for the purposes of Rule 12(b)(6), that Plaintiffs were the intended direct beneficiaries as to the third plot. Verna intended to occupy the second plot, so the third plot must have been intended for another family member, such as one of Verna's children. Therefore, we hold that Plaintiffs have sufficiently alleged a third-party beneficiary breach of contract claim as to the third plot.

**[5]** Plaintiffs contend that the trial court erred by dismissing their claims of negligence for failure to state a valid claim for relief. We disagree.

"[A] plaintiff's [negligence] complaint must set out allegations indicating that: (1) defendant owed plaintiff a duty of reasonable care; (2) defendant breached that duty; (3) said breach was an actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as a result thereof." *Davis v. Messer*, 119 N.C. App. 44, 51, 457 S.E.2d 902, 907 (1995) *overruled on other grounds by Willis v. Town of Beaufort*, 143 N.C. App. 106, 544 S.E.2d 600 (2001). "Under general principles of the law of torts, a breach of contract does not in and of itself provide the basis for liability in tort." *Asheville Contracting Co. v. Wilson*, 62 N.C. App. 329, 342, 303 S.E.2d 365, 373 (1983). "Ordinarily, an action in tort must be grounded on a violation of a duty imposed by operation of law, and the right invaded must be one that the law provides without regard to the contractual relationship of the parties, rather than one based on an agreement between the parties." *Id.* "A failure to perform a contractual obligation is never a tort unless such nonperformance is also the omission of a legal duty." *Toone v. Adams*, 262 N.C. 403, 407, 137 S.E.2d 132, 135 (1964). " 'The duty owed by a defendant to a plaintiff may have sprung from a contractual promise made to another; however, the duty sued on in a negligence action is not the contractual promise but the duty to use reasonable care in affirmatively performing that promise.' " *Oates v. Jag, Inc.*, 314 N.C. 276, 279, 333 S.E.2d 222, 225 (1985) (quoting *Navajo Circle, Inc. v. Dev. Concepts Corp.*, 373 So.2d 689, 691 (Fla. 2nd Dist. Ct. App. 1979)).

We held *supra* that the breach of contract claims concerning the burial plot resold in 1993 are barred by the statute of limitations. We also hold that with respect to the negligent misrepresentation claim and a separate negligence claim asserted by the Verna Hardin Estate and claims for *res ipsa loquitur* and negligence *per se* asserted jointly by Plaintiffs, as they relate to the plot adjacent to Plaintiff's children's father's plot are·also barred by the statute of limitations for the reasons set out above with respect to the breach of contract claim and, as to the discovery rule, for the reasons set forth in *Birtha v. Stonemor*, ___ N.C. App. ___, ___ S.E.2d ___ (COA11-79, filed 1 May 2012). In the case *sub judice*, Plaintiffs argue that they have alleged all of the elements of negligence and the trial court's dismissal was premature. A review of the complaint shows that Plaintiffs alleged "[t]hat the defendants owed the plaintiffs' deceased mother a duty of care not to resell the burial plots after a valid contract had been executed with plaintiffs' deceased mother for the purchase of the plots." Plaintiffs assert that Defendants owed a duty of care imposed by the burial contract. We acknowledge that "[a] duty of care may arise out

of a contractual relationship, the theory being that accompanying every contract is a common-law duty to perform with ordinary care the thing agreed to be done, and that a negligent performance constitutes a tort as well as a breach of contract[,]" *Olympic Prods. Co. v. Roof Sys., Inc.*, 88 N.C. App. 315, 322, 363 S.E.2d 367, 371 (1998) (internal quotation marks omitted). We note that Plaintiffs did not allege that Defendants owed them a common law duty. Essentially, Plaintiffs allege that Defendants breached their duty not to breach their contract. Here, Plaintiff's bare assertion grounded solely on contractual obligation to Plaintiffs' deceased mother was properly dismissed by the trial court.

**[6]** Plaintiffs also contend that the trial court erred by dismissing their claim for negligence *per se* based on N.C. Gen. Stat. § 65-60. In order to prevail on a claim of negligence *per se*, plaintiff must show,

> (1) a duty created by a statute or ordinance; (2) that the statute or ordinance was enacted to protect a class of persons which includes the plaintiff; (3) a breach of the statutory duty; (4) that the injury sustained was suffered by an interest which the statute protected; (5) that the injury was of the nature contemplated in the statute; and, (6) that the violation of the statute proximately caused the injury.

*Rudd v. Electrolux Corp.*, 982 F. Supp. 355, 365 (1997) (citing *Baldwin v. GTE South, Inc.*, 335 N.C. 544, 439 S.E.2d 108 (1994)).

Our Supreme Court has emphasized that negligence *per se* applies only when the statute violated is a public safety statute. *See Stein v. Asheville City Bd. Of Educ.*, 360 N.C. 321, 326, 626, S.E.2d 263, 266 (2006) (" '[T]he general rule in North Carolina is that the violation of a [public safety statute] constitutes negligence per se.' " (quoting *Byers v. Standard Concrete Prods. Co.*, 268 N.C. 518, 521, 151 S.E.2d 38, 40 (1966)); *Hart v. Ivey*, 332 N.C. 299, 303, 420 S.E.2d 174, 177 (1992) ("A member of a class protected by a public safety statute has a claim against anyone who violates such a statute when the violation is a proximate cause of injury to the claimant.") A plain reading of the N.C. Gen. Stat. § 65-60 (2011) shows that the statute was designed to ensure that cemeteries keep proper records and to give the North Carolina Cemetery Commission authority to enforce the record keeping requirement and other regulations. It is not a public safety statute, and, therefore, the trial court also properly dismissed the negligence *per se* claim as to the third plot.

**[7]** Plaintiffs also argue that the trial court erred by dismissing their *res ipsa loquitor* claim. "*Res ipsa loquitur* is not an independent basis for imposing liability. It imposes no duties on the defendant. *Res ipsa* is merely a method by which the plaintiff proves defendant's violation of the duty the law imposes." *Johnson v. City of Winston-Salem*, 315 N.C. 384, 338 S.E.2d 105 (1986). Because *res ipsa loquitor* is not a claim and we have already dismissed Plaintiffs' negligence claim, Plaintiffs argument is without merit.

**[8]** Next, Plaintiffs argue that the trial court erred by dismissing their claim of intentional infliction of emotional distress. We agree with both the trial court and Defendants that Plaintiffs' allegations, although certainly disturbing, do not, as required for an intentional infliction claim, arise to the level of conduct " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Foster v. Crandell*, 181 N.C. App. 152, 168, 638 S.E.2d 526, 537 (2007) (citation omitted).

With respect to Plaintiffs' claim for negligent infliction of emotional distress ("NIED"), it is well established that "[a]n action for NIED has three elements: (1) defendant engaged in negligent conduct; (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress; and (3) defendant's conduct, in fact, caused plaintiff severe emotional distress." *Id.* Plaintiffs alleged that defendants engaged in negligent conduct, and the complaint, as amended, alleged as to the second element that "it was reasonably foreseeable by the defendants that the failure to be able to provide the decedent with the cemetery plots which she purchased would cause pain and suffering on the part of the decedent's heirs."

The amendment, therefore, alleged only the foreseeability of "pain and suffering" which is not the same as severe emotional distress. As this Court has explained: "Regarding the third element, our courts have defined 'severe emotional distress' to 'mean[] any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so.' " *Id.* at 170, 638 S.E.2d at 538 (quoting *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)). Phrased differently, "a plaintiff must 'present[] evidence . . . of diagnosable mental health conditions.' " *Id.* (quoting *Fox-Kirk v. Hannon*, 142 N.C. App. 267, 274, 542 S.E.2d 346, 352 (2001)).

"Pain and suffering" does not rise to the level of severe emotional distress. *See also Iadanza v. Harper,* 169 N.C. App. 776, 780, 611 S.E.2d 217, 221-22 (2005) (distinguishing between "the 'severe emotional distress' that is an essential element of a claim for negligent or intentional infliction of emotional distress" from "a claim seeking damages for general 'pain and suffering' "). Since the Plaintiffs only alleged the foreseeability of pain and suffering, the trial court properly concluded that Plaintiffs failed to allege all the elements of a claim for NIED.

**[9]** Plaintiffs argue that the trial court erroneously dismissed their claim of unfair and deceptive trade practices (UDTP). We disagree.

"To state a claim for unfair and/or deceptive trade practices, the plaintiffs must allege that (1) the defendants committed an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiffs or to the plaintiffs' business." *Walker v. Sloan,* 137 N.C. App. 387, 395 529 S.E.2d 236, 243 (2000). "It is well recognized . . . that actions for unfair or deceptive trade practices are distinct from actions for breach of contract . . . and that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1." *Bob Timberlake Collection, Inc. v. Edwards,* 176 N.C. App. 33, 42, 626 S.E.2d 315, 323 (2006) (citation omitted). "To recover for unfair and deceptive trade practices, a party must show substantial aggravating circumstances attending the breach of contract." *Id.*

Plaintiffs allege two separate bases for the UDTP claim. With respect to Verna Hardin's Estate (the Estate) claim, the complaint alleges that Defendants violated the UDTP Act, N.C. Gen. Stat. § 75-1.1., "when they resold two (2) of the three (3) adjoining burial plots purchased by the plaintiffs['] deceased mother, Verna Cathy Hardin, in 1993." The Estate has, therefore, identified only the breach of contract as the UDTP. As the trial court pointed out, this Court has held that "[a] mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1."

Since the Estate failed to allege any aggravating circumstances related to the breach of contract, they failed to properly allege a UDTP claim. Although, on appeal, Plaintiffs point to other conduct of Defendants, they failed to make that conduct the basis for the Estate's UDTP claim as set out in the complaint and, therefore, the conduct cannot be considered.

Verna's children's UDTP claim alleges other circumstances, apart from the breach of contract, which it contends are aggravating: (1) Defendants failed to place stakes at gravesites to establish proper boundaries, and (2) Defendants failed to keep proper records to determine where decedents are buried. Verna's children do not, however, cite any authority that would establish that these acts are sufficient in addition to the breach of contract to support a claim for UDTP. Even after Defendants pointed out the lack of authority contained in their brief, Plaintiffs still—in their reply brief—failed to remedy the omission. "It is not the role of the appellate courts, however, to create an appeal for an appellant." *Viar v. North Carolina Dept. of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005). "The burden is on the appellant not only to show error but to enable the court to see that he was prejudiced. . . ." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App 377, 380, 444 S.E.2d 252, 254 (1994) (internal quotation marks omitted). Given the complexity of UDTP claims and Plaintiffs' failure to properly plead their allegations, the trial court properly dismissed the UDTP claim.

**[10]** Plaintiffs also argue that the trial court erred by dismissing its claims for fraud and fraud in the inducement. Rule 9 of the Rules of Civil Procedure requires that fraud be pled with particularity. Our Supreme Court has held "that in pleading actual fraud, the particularity requirement is met by alleging time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations." *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981).

A trial court properly dismisses a claim for failure to plead fraud with particularity "where there are 'no facts whatsoever setting forth the time, place, or specific individuals who purportedly made the misrepresentations.'" *Bob Timberlake*, 176 N.C. App. at 39, 626 S.E.2d at 321 (quoting *Coley v. N.C. Nat'l Bank*, 41 N.C. App. 121, 125, 254 S.E.2d 217, 220 (1979)). In *Bob Timberlake*, this Court affirmed the trial court's dismissal of a counterclaim for fraud when the counterclaim "pleaded fraud in vague and general terms, alleging that representatives of [the plaintiff] gave him information" but "did not identify which representatives gave him false information, nor did he specifically allege where or when he received the information." *Id.*

Here, just as in *Bob Timberlake*, Plaintiffs' allegations regarding fraud are vague and general—they essentially parrot the elements of a fraud claim without providing any specifics. The complaint alleges

that "defendants made fraudulent and false statements," but does not identify the specific individuals who made the statements. Under *Terry* and *Bob Timberlake*, the allegations are inadequate and, therefore, the trial court properly dismissed the claims for fraud and fraud in the inducement.

**[11]** Finally, Plaintiffs contend that the trial court erred by dismissing their claim for fraud upon the public. As the trial court stated, fraud upon the public is not a recognized theory of recovery under North Carolina law. *See Gilmore v. Smathers*, 167 N.C. 440, 83 S.E. 823 (1914). Therefore, Plaintiffs' final argument is meritless.

Reversed in part; Affirmed in part.

Judges BRYANT and GEER concur.